[Civ. No. 22752. Second Dist., Div. Two. June 30, 1958.]

ELMER G. JACOBS et al., Appellants, v. DEPARTMENT OF MOTOR VEHICLES et al., Respondents.

*Assigned by Chairman of Judicial Council.

C. P. Von Herzen, Samuel L. Laidig, Ernest L. Graves and Arthur Sherman for Appellants.

Edmund G. Brown, Attorney General, and N. B. Peek, Deputy Attorney General, for Respondents.

FOX, P. J.—This is a mandate proceeding to review the decision of the Director of the Department of Motor Vehicles suspending the automobile wrecker's license of appellants, Elmer G. Jacobs and Clarence Bell, doing business as J.B.P. Wreckers, for six months, staying, however, all but 30 days of such suspension, and placing appellants on probation for five years.

There are two issues in this case: first, whether or not Vehicle Code, section 246, as it read in 1956, required an automobile wrecker to submit to the Department of Motor Vehicles the certificate of ownership, registration card and license plates for any vehicle prior to dismantling; and, second, whether or not appellants were entitled to certain costs.

In January, 1956, an accusation was filed against appellants charging that they had dismantled and wrecked certain motor vehicles without first having surrendered the certificates of ownership, registration cards and license plates of such vehicles, and had failed and refused to allow inspection of their record of wrecked or dismantled vehicles required by the Vehicle Code to be maintained by automobile wreckers. There was testimony before the hearing officer that on or before January 7, 1956, appellants dismantled and wrecked five specific automobiles without first having surrendered to the Department of Motor Vehicles the certificates of ownership, registration cards and license plates. This testimony was not controverted; hence the hearing officer made a finding in accordance therewith.

The hearing officer also found that appellants failed and refused to permit representatives of the department to inspect their records of wrecked or dismantled cars.

The hearing officer recommended as a penalty that appellants' automobile wrecker's license be suspended for six months. The director adopted the proposed decision of the hearing officer except that he reduced the penalty to that above stated.

In December, 1956, appellants filed their petition for writ of mandate, seeking to reverse this decision. They also filed points and authorities and the original reporter's transcript of the administrative hearing.

By their petition appellants attacked the decision on the primary ground that they had not violated section 246 of the Vehicle Code.

The respondents filed their return by way of answer to the petition and a trial brief in support thereof. In their brief

they pointed out that the charge in the accusation relating to the licensees' refusal to allow inspection of their records had been dismissed during the course of the administrative hearing; respondents also expressed doubt as to whether disciplinary action could be predicated upon such refusal. Hence there was no foundation for the adverse finding on that issue. Since the penalty was based on two violations, only one of which was valid, respondents requested that the matter be remanded for reconsideration of the penalty. Appellants, however, chose to argue their basic attack on the interpretation of section 246. The trial court held against them, the minute order stating: "Judgment for respondent[s] on the merits; but matter ordered remanded to Director of Motor Vehicles for reconsideration of the penalty; each party to bear its own costs. Peremptory writ granted; alternative writ discharged; respondent[s] . . . to prepare judgment and writ."

In its formal findings the trial court found, *inter alia*, that respondents have interpreted and enforced section 246 of the Vehicle Code as requiring that any person desiring to dismantle or wreck any vehicle registered under the Vehicle Code submit to the department the certificate of ownership, registration card and license plates before dismantling such vehicle. In its conclusions of law the court concluded that this was the correct interpretation of the section and that the failure of appellants to comply therewith subjected them to disciplinary action. The court also concluded that inasmuch as it had no means of knowing whether the director would have imposed the same penalty against the appellants for one violation of section 246 as he had imposed for two supposed violations, appellants were entitled to judgment, and the decision should be vacated and the matter remanded to the director for reconsideration of the penalty alone. The judgment was in harmony with these conclusions; the judgment also provided that each side should bear its own costs.

 Appellants' initial contention is that in 1956 Vehicle Code, section 246, did not require an automobile wrecker to forward to the department the specified items relating to a motor vehicle *before* dismantling such vehicle. In 1956 the pertinent portion of section 246 read as follows: "Any automobile wrecker . . . desiring to dismantle or wreck any vehicle subject to registration hereunder shall immediately forward to the department the certificate of ownership, registration card, and the license plate or plates last issued for such vehicle." Appellants argue that the word "immediately"

in the statute refers to the act of wrecking or dismantling; they then assert that forwarding the required items a few days *after* wrecking a vehicle is within the time contemplated by "immediately." Their conclusion is that their activities herein met the requirements of the statute. Appellants are in error. We are convinced that the Legislature intended to require submission of the designated items prior to dismantling of a vehicle. The word "immediately" in the statute obviously refers to the act of desiring (or intending) to dismantle. Once a wrecker has the desire or intention to dismantle, he is required immediately to send the documents and plates to the department, *before* commencing such dismantling. That this is the meaning intended by the Legislature is shown by an examination of the reasoning underlying the statute.

The primary purpose of section 246 is to prevent the theft of motor vehicles and the traffic in stolen vehicles and their parts. The statute is intended to frustrate criminals who would use the plates or other parts of dismantled vehicles in order to conceal the identity of stolen cars. Effective law enforcement requires that the documents and plates be submitted prior to dismantling. "It is . . . a well recognized rule that where a statute is susceptible of two constructions, one leading inevitably to mischief or absurdity, and the other consistent with justice, sound sense and wise policy, the former should be rejected and the latter adopted." (*Kennard* v. *Rosenberg,* 127 Cal.App.2d 340, 345 [273 P.2d 839]; see also *Carson* v. *Lampton,* 23 Cal.App.2d 535, 538 [73 P.2d 629], and cases cited therein.) We are convinced that the Legislature intended the construction consistent with "sound sense and wise policy"—submission of the required items prior to dismantling a vehicle. Adoption of appellants' interpretation would frustrate the principal objective of the statute.

The language used in Vehicle Code, section 247, lends further support to our conclusion. That statute, which has remained unchanged since its adoption in 1941, provides as follows: "Any person acquiring a vehicle subject to registration hereunder, for the purpose of wrecking or dismantling the same, who fails to forward to the department the documents required by Section 246, within ninety (90) days after taking possession of the vehicle, and *before* dismantling and wrecking such vehicle, shall pay in addition to any other penalties an investigation service fee. . . ." (Emphasis added.) Since this section requires prior submission, section

246 would be inconsistent with it if the latter did not also require prior submission.

Furthermore, there is evidence in the record from which it reasonably may be inferred that the director of motor vehicles has always construed section 246 as requiring submission of the necessary items prior to dismantling. ▪ ''Although not necessarily controlling . . . the contemporaneous administrative construction of the enactment by those charged with its enforcement and interpretation is entitled to great weight, and courts generally will not depart from such construction unless it is clearly erroneous or unauthorized.'' (*Coca-Cola Co.* v. *State Board of Equalization*, 25 Cal.2d 918, 921 [156 P.2d 1] ; see also cases cited therein.) The director's construction of the statute therefore lends additional support to our conclusion.

Appellants point out that in 1957 (after these proceedings had been initiated) the pertinent portion of section 246 was amended to read as follows: ''Any person desiring to dismantle or wreck any vehicle subject to registration hereunder shall forward to the department the certificate of ownership, registration card, and the license plate or plates last issued therefor *before* beginning to dismantle or wreck such vehicle.'' (Emphasis added.) They argue that this amendment shows an intent on the part of the Legislature to change the pre-existing law. We cannot agree. Under the circumstances here presented it is clear that the Legislature intended to clarify rather than change the existing law. (*Bermite Powder Co.* v. *Franchise Tax Board,* 38 Cal.2d 700, 704 [242 P.2d 9] ; *Coca-Cola Co.* v. *State Board of Equalization, supra,* p. 923.)

▪ Appellants assert that if their construction of the statute is incorrect, then the statute is too vague and indefinite to be enforced against them. ▪ ''A statute will not be held void for uncertainty if any reasonable and practical construction can be given to its language. The fact that its meaning is difficult to ascertain will not render a statute nugatory.'' (*Paraco, Inc.* v. *Department of Agriculture*, 118 Cal.App.2d 348, 357 [257 P.2d 981] ; see also *Drummey* v. *State Board of Funeral Directors*, 13 Cal.2d 75, 80 [87 P.2d 848].) ▪ As we have already pointed out, prior submission of the documents and plates is necessary if the motivating purpose behind the statute is to be achieved. The language in section 246 is reasonably susceptible to the interpretation the director has placed upon it. The statute is certainly not so vague and indefinite as to require us to rule that it is invalid.

█ Appellants' final contention is that they were entitled to their costs of preparing the transcript of the administrative hearing. The statute governing this matter is Code of Civil Procedure, section 1094.5, subdivision (a). The pertinent provision is as follows: "If the expense of preparing all or any part of the record has been borne by the prevailing party, such expense shall be taxable as costs." The question, therefore, is whether or not appellants were the prevailing parties in the court below.

The real issue in this case was the interpretation of section 246. On that issue the respondents prevailed. It was only by reason of a procedural inadvertency, which respondents called to the court's attention, that the case was in fact remanded (as per respondents' request) for the sole purpose of redetermining the penalty. Furthermore, in their petition and memorandum of points and authorities in the trial court, appellants did not even specify as one of the grounds for granting the writ the error of respondents in finding a violation based upon a count in the accusation that had been dismissed previously. Since appellants lost the case on the merits, it cannot fairly be said that they were the prevailing parties within the meaning of Code of Civil Procedure, section 1094.5, subdivision (a). (See 3 Witkin, California Procedure 1095.)

The judgment is affirmed.

Ashburn, J., and Herndon, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied August 28, 1958.