[Civ. No. 23550.   First Dist., Div. One.   May 22, 1967.]

KENNETH A. EVILSIZOR, Plaintiff and Appellant, v. DEPARTMENT OF MOTOR VEHICLES OF THE STATE OF CALIFORNIA et al., Defendants and Respondents.

Abel & Kyle, Timothy Abel, DeKlotz & Hayes and Michael M. Shea for Plaintiff and Appellant.

Thomas C. Lynch, Attorney General, and Roderick Walston, Deputy Attorney General, for Defendants and Respondents.

ELKINGTON, J.—Kenneth A. Evilsizor, petitioner in the proceedings below, appeals from a judgment denying his petition for a writ of mandate.

During the period with which we are concerned appellant was licensed by respondent Department of Motor Vehicles (hereinafter called "department") to conduct a motorcycle sales business.

In 1964 the department caused to be filed an accusation (in accordance with Gov. Code, § 11503) alleging that appellant "wrongfully and unlawfully used duplicate dealer's reports of sale, in that [he] failed to mail or deliver the report of sale together with other documents and fees required to transfer the registration of the [sold] vehicles . . . within the time allowed by law, thereby violating in each said instance Sec-

tion 4456 of the Vehicle Code.'' The accusation prayed that the department ''take such action to revoke or suspend the licenses, certificates and special plates of [appellant] . . . as it may deem proper under the circumstances.'' A hearing was held. The department found that on 45 occasions in 1962 and 1963 appellant had failed to timely file the required documents. The department's decision was that appellant's licenses, certificates and special plates be suspended for a period of 60 days with all but 15 days thereof being suspended for a period of three years, during which period appellant be placed on probation.

Appellant thereupon filed in the superior court, under the provisions of Code of Civil Procedure section 1094.5 (relating to so-called administrative mandamus), a petition for a writ of mandate, seeking to set aside the decision of the department. In that proceeding the superior court exercised its independent judgment on the evidence introduced before the department and before the court. This was proper. (*Laisne* v. *California State Board of Optometry,* 19 Cal.2d 831, 833-834 [123 P.2d 457].)

Upon submission of the cause the court found, among other things, that ''there is no evidence . . . to support the allegation that said findings [of the department] were not supported by the weight of the evidence, and the allegation that the [department] abused its discretion; on the contrary, said findings were supported by substantial evidence and by the weight of the evidence, and therefore the decision and order on which said findings were based do not constitute an abuse of discretion.'' The court thereupon concluded that the department did not act in excess of its jurisdiction, that it did not abuse its discretion, and that its (the department's) findings were supported by substantial evidence and by the weight of the evidence.

Judgment was thereupon entered denying appellant's petition for a writ of mandate. It is from that judgment that this appeal has been taken.

Appellant's first assignment of error is stated by his question: ''Can the Department of Motor Vehicles suspend a dealer's license for late submittal of dealer's reports?''

Vehicle Code section 11705 provides: ''The department after notice and hearing may suspend . . . the license and certificate issued to a dealer . . . upon determining that any said person . . . *use duplicate dealers' reports of sale or copies contrary to the provisions of section 4456. . . .*'' (Italics added.)

Section 4456 of the Vehicle Code during the period with which we are concerned, provided: "The department may authorize dealers certificated under Section [11702] to issue a duplicate copy of the dealer's report of sale form distributed by the department for display on the windshield of a vehicle sold by the dealer. *When* [such duplicate copy is] *used pursuant to the rules and regulations of the department,* the vehicle upon which the duplicate copy of the report of sale is displayed may be operated for a period not to exceed 10 days without the card permit or plates provided for herein, except that where the registration fees have been paid to the department within the 10-day period the vehicle may be operated on the duplicate copy of the report of sale as provided herein until such time as license plates have been received from the department. The dealer shall, as a penalty to the State, forfeit three dollars ($3) for each duplicate report of sale used by him contrary to the provisions of this section or affixed by him to a vehicle other than that for which issued." (Italics added.)

The rules and regulations of the department relating to section 4456 of the Vehicle Code are found in title 13, section 460, of the California Administrative Code. This section provides in its pertinent parts:

"(a) New Vehicle Forms. . . . (3) The report of sale shall be delivered or mailed to the department with the appropriate fees within 10 days from the date of sale. In the event the report is deficient and need be returned to the dealer, 10 additional days from the date of return to the dealer shall be allowed for resubmission of a correct application. . . .

"(b) Used Vehicle Forms. . . .(3) The report of sale with all documents and fees required to record a change of ownership shall be mailed or delivered to the department within 20 days. In the event a used vehicle report with documents and fees is initially received by the department within 20 days and is deficient, the dealer shall be allowed 10 additional days from the date of return of the documents to the dealer in which to resubmit a corrected application. The period for resubmission shall not exceed 10 days although the total lapse time from sale date to resubmission date is less than 20 days. . . ."

The evidence before the court established that appellant had in fact on 45 occasions submitted late reports of sale of new and used motorcycles, contrary to the requirements of Vehicle Code section 4456 and the applicable rules and regulations.

When a dealer causes a duplicate copy of a report of sale to be affixed to a vehicle, it constitutes public notice of the right to operate the vehicle, for a limited period after its purchase, without license plates or other permit. The buyer reasonably assumes that the dealer will comply with the pertinent Vehicle Code provisions and that plates and permit will be seasonably forthcoming. ■ If the dealer improperly withholds delivery to the department of the duplicate counterpart of the sales report, he causes the copy on the vehicle to be apparent authority for the use of the vehicle during a period when its operation is in fact unlawful. In such a situation the posted sales report copy is not *"used pursuant to the rules and regulations of the department"* (as required by section 4456) and in the language of Vehicle Code section 11705 the dealer has *"used duplicate dealer's reports of sales or copies contrary to the provisions of section 4456."*[1]

■ Appellant also contends that since he has already been penalized $3 for each of the alleged violations, as required by section 4456, the assessment of additional and cumulative penalties under section 11705 is improper and unlawful. We do not agree. Suspension of a license is not penal in nature. Imposition of both a fine and license suspension *"does not make the remedial action of the department the imposition of punishment for past offenses."* (*Beamon* v. *Department of Motor Vehicles,* 180 Cal.App.2d 200, 210 [4 Cal.Rptr. 396]; see also *Murrill* v. *State Board of Accountancy,* 97 Cal.App.2d 709, 711 [218 P.2d 569]; *Brodsky* v. *California State Board of Pharmacy,* 173 Cal.App.2d 680, 688 [344 P.2d 68].)

■ We conclude that the department may legally invoke Vehicle Code section 11705 and suspend dealers' licenses for the causes shown by the evidence in this case. It follows that the determination of the court below that the department did not act in excess of its jurisdiction is correct.

---

[1]The record before us indicates that this construction has been given to section 4456 by the department. See *Jacobs* v. *Department of Motor Vehicles,* 161 Cal.App.2d 727, 732 [327 P.2d 123], where it is stated:

"Furthermore, there is evidence in the record from which it reasonably may be inferred that the director of motor vehicles has always construed section 246 as requiring submission of the necessary items prior to dismantling. 'Although not necessarily controlling . . . the contemporaneous administrative construction of the enactment by those charged with its enforcement and interpretation is entitled to great weight, and courts generally will not depart from such construction unless it is clearly erroneous or unauthorized.' (*Coca-Cola Co.* v. *State Board of Equalization,* 25 Cal.2d 918, 921 [156 P.2d 1]; see also cases cited therein.) The director's construction of the statute therefore lends additional support to our conclusion."

■ The second specification of error is stated by appellant as : "Was there substantial evidence to support the findings and judgment of the superior court?" Specifically, an evidentiary deficiency is asserted— that "There are no dates on Exhibit 'A' to show when the papers and notice of transfer were initially received by the department" and "Further, there is nothing on Exhibit 'A' to determine whether the vehicle referred to was new or used."

This claimed deficiency does not exist. Even if only Exhibit A be considered, this alone demonstrates appellant in violation of the outermost limits for timely submission in 30 of the 45 sales in question which is quite sufficient to uphold the determination made below. However, Exhibit 3 in evidence before the lower court shows, as to each of the 45 sales in question, whether the vehicle was new or used and sets forth the date when the papers and notice of transfer were originally received. The findings of the trial court in this regard are adequately supported.

■ Appellant's final assignment of error is expressed in the question : "In light of the evidence produced at the superior court hearing, was the penalty of the department which was left to stand, excessive and severe?" Continuing, appellant contends that the severity of the suspension constituted an abuse of discretion by the department which should have been recognized and remedied by the trial court.

The complained of practice of appellant resulted in a situation where buyers of his motorcycles had their recordation of title, and receipt of their license plates, registration certificates and ownership certificates held up improperly for periods of time up to approximately three or four months. The record before the lower court, and now before us, shows that appellant was placed on probation in 1960 for violations similar to those which are the subject of this appeal. And we point out that the license suspension order of the department covers only motorcycle sales, and not the motorcycle repair, parts and accessory business carried on by appellant.

We cannot say that the order of the department here in question was inappropriate or that it constituted an abuse of discretion.

We find no error. The judgment is affirmed.

Molinari, P. J., and Sims, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 19, 1967.