[No. 8946. Department Two.—May 14, 1885.]

M. WATERMAN ET AL., APPELLANTS, v. ISAAC LIP-
MAN ET AL. A. A. LOUDERBACK, RESPONDENT.

PROCEEDINGS AGAINST JOINT DEBTORS—AMENDMENT OF ORIGINAL PLEADINGS.—
Proceedings under sections 989 to 994 of the Code of Civil Procedure, for the
purpose of binding a partner by a judgment recovered against his copartner, are
in the nature of an action upon a judgment; neither the pleadings nor the judg-
ment in the original action can be amended.

APPEAL from a judgment of the Superior Court of the city
and county of San Francisco.

The facts are stated in the opinion of the court.

*E. B. Young*, and *E. N. Deuprey*, for Appellants.

*Davis Louderback*, for Respondent.

MYRICK, J. — Waterman, Truebenbach, and Waterman, alleg-
ing themselves to be partners under the name of Waterman &
Co., commenced an action against Lipman, Louderback, and
Cushing, to recover amounts alleged to be due on certain prom-
issory notes. Lipman alone was served with summons, and on
his failure to answer, judgment was entered against him. Some
four years thereafter the plaintiffs took proceedings under sec-
tions 989 to 994 of the Code of Civil Procedure, for the purpose
of obtaining an order that Louderback be bound by the judg-
ment which had been entered against Lipman. Louderback
denied the partnership of the defendants and their indebtedness
as such, and averred that plaintiffs had not complied with sec-
tions 2466 and 2468 of the Civil Code. On the hearing plaint-
iffs offered as proof that they had complied with said sections
2466 and 2468, a certificate and proof of publication which
stated that the firm of Waterman & Co. consisted of the above-
named Waterman, Truebenbach, and Waterman, and also one
Phister; also that said Phister was a member of said firm.
Plaintiffs also asked leave to amend their complaint in the
original action by adding the name of Phister as a member of
the firm of Waterman & Co. The motion was denied, and
subsequently a judgment of nonsuit was granted, from which
plaintiffs appealed.

The rulings of the court below were correct.  As is said by respondent in his brief, Louderback was summoned to show cause why he should not be bound by a judgment which Waterman, Truebenbach, and Waterman had obtained against Lipman, not one obtained by Phister and the others; this proceeding is in the nature of an action upon a judgment, where the pleadings in the former action cannot be amended, nor could the judgment against Lipman be amended.

Judgment affirmed.

THORNTON, J., and SHARPSTEIN, J., concurred.