[Civ. No. 2865.   Third Appellate District.—January 20, 1925.]

R. H. SHANNON, Respondent, v. GEORGE M. CALMUS et al., Defendants; ELSIE P. BETTS, Appellant.

[1] PARTNERSHIP—ACTION AGAINST PARTNERS—PLEADING.—In an action against partners upon a partnership obligation, it is not necessary to allege a partnership between the defendants, but they may be declared against as any joint debtors.

[2] ID.—EVIDENCE—INSTRUCTIONS—APPEAL—PRESUMPTION.—In an action against partners upon a partnership obligation, in which pleadings do not raise any issue as to a partnership obligation, where the record on appeal from a judgment in favor of plaintiff

1.  See 20 Cal. Jur. 771.

and against all the defendants does not show at whose request certain instructions on the subjects of evidence of partnership, its definition, and the liabilities of partners, were given, it must be presumed that they were given at the request of the appellant; but, irrespective of such defect in the record, such instructions are proper where the evidence is such as to justify a finding that defendants were partners.

[3] ID.—CONVERSATION NOT IN PRESENCE OF CODEFENDANT—EVIDENCE—INSTRUCTIONS.—In such action, where one of the defendants, for the purpose of impeachment, is asked on cross-examination as to a certain conversation had when his codefendant was not present, and counsel for said latter defendant requests the court to instruct the jury that said defendant is not bound by any statements made at such conversation, a ruling that "proper instructions can be brought in at the proper time; I will give the jury those instructions. Of course, if she were not present she is not bound by the conversation," is not erroneous.

---

(1) 30 **Cyc.**, p. 515, n. 28, p. 581, n. 54. (2) 4 **C. J.**, p. 768, n. 22; 38 **Cyc.**, p. 1615, n. 19. (3) 30 **Cyc.**, p. 409, n. 91; 40 **Cyc.**, p. 2707, n. 59, p. 2708, n. 60, 61.

APPEAL from a judgment of the Superior Court of Tulare County. W. B. Wallace, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. S. Taylor and E. W. Forgy for Appellant.

Guy Knupp for Respondent.

FINCH, P. J.—The defendant Elsie P. Betts has appealed from the judgment herein given against the defendants jointly.

The complaint states five separate causes of action: the first, for moneys paid out and expended for the use and benefit of defendants; the second, for services performed by plaintiff; the third, for the reasonable value of the use of plaintiff's automobile in the performance of such services; the fourth and fifth, for services performed by other persons, the claims for which were duly assigned to plaintiff; all at the special instance and request of defendants. The complaint does not allege that the defendants were partners or state the relation between them which would make them jointly liable. The plaintiff introduced evidence at the trial tending to show that the defendants were in fact partners.

The defendants, who filed separate answers denying the allegations of the complaint, testified that Mrs. Betts was not a partner of Calmus or interested in the enterprise in which he was engaged, but that she was merely his secretary, employed by him at a salary of $75 a month.

Calmus was engaged in the promotion of an enterprise to prospect for oil and for that purpose, through the efforts of plaintiff and others, leases were secured on more than 20,000 acres of land. Mrs. Betts was the owner of lands within the area to be prospected. There is evidence that she put large sums of money into the enterprise. One witness testified that both defendants stated ''that they were interested in the proposition equally, she was furnishing the money, all the cash except some I got hold of, and some other money she wanted to borrow, and asked me if I would go see about borrowing some for her. . . . They asked me if I would go down to Los Angeles and ask somebody to loan them $25,-000 on her ranch to carry these operations on. . . . I went to various places to try to borrow money. . . . I introduced Mr. Walker to the two of them. . . . He made arrangements with Mrs. Betts to come out to her house and look the property over, which he did, with several other men. . . . As I understand it, he loaned her $10,000 or $15,000 on the ranch; I don't know which the amount was $10,000 or $15,000.'' The plaintiff testified: ''Mr. Calmus told me that Mrs. Betts, in Mrs. Betts' presence, that Mrs. Betts had an interest with him in this proposition. . . . And in the event of his death or if anything should happen to him, that Mrs. Betts was able to go right on with the plans, and he had so arranged things that there wouldn't be any interruption at all. . . . Mrs. Betts was very active in helping him secure leases, and driving her car, and entertaining the guests that would come up from the south, at her residence, and the loaning of her tools and other equipment she had on her ranch, in the actual operations.'' Another witness, who had furnished a considerable sum of money to be used in the enterprise, testified: ''George M. Calmus frequently stated in the presence of Elsie P. Betts that she, Elsie P. Betts, was a partner in the oil leases . . . and had been with him in the work from the beginning.'' Funds used in the enterprise were deposited in her name and paid out on her personal checks. There was other evidence tending to show that Mrs. Betts was interested with Calmus in the enterprise, but enough

has been stated to justify a finding that the defendants were partners.

[1] The principal ground urged for a reversal is that because the complaint failed to allege that the defendants were partners the plaintiff was not entitled to a recovery against appellant on the theory that she and Calmus were partners. In overruling a similar objection in *Pike* v. *Zadig,* 171 Cal. 273, 277 [152 Pac. 923, 925], the court said: "It is urged that . . . the pleading contains no allegation of any such partnership. 'In an action against partners upon a partnership obligation, it is not necessary to allege a partnership between the defendants, but they may be declared against as any joint debtors.' (15 Ency. of Pl. & Pr. 920, and cases cited.) Indeed, a denial of the partnership, where it is alleged, does not raise a material issue. (*Hunter* v. *Martin,* 57 Cal. 365.)"

[2] Exception is taken to several instructions given by the court, stating in effect that to justify a verdict against Mrs. Betts it must be shown by a preponderance of the evidence that she and Calmus were partners, defining the term "partnership," and stating the liabilities of partners. It is contended that the pleadings do not raise any issue as to a partnership obligation. The record does not show at whose request the instructions were given and the presumption, therefore, is that they were given at appellant's request. (*Gray* v. *Eschen,* 125 Cal. 1, 5 [57 Pac. 664] ; *Sutter Butte C. Co.* v. *American R. & A. Co.,* 182 Cal. 549 [189 Pac. 277].) Disregarding this defect in the record, however, it is clear from what has been said that the instructions were properly given.

[3] Complaint is made of the admission in evidence of a certain declaration made by Calmus when Mrs. Betts was not present. He testified that she had no interest in the oil en terprise, but that he borrowed $5,000 from her which he deposited "to the credit of Mrs. Betts to check off, . . . she being my secretary and carrying on my work," and that she had borrowed this $5,000 from her father. Counsel for plaintiff, evidently for purposes of impeachment, examined Calmus as follows: "Q. Do you remember having a conversation with Mr. Shannon at the time when he and you were on the road to Visalia or Tulare, in an automobile, relative to some money that Mr. Post was giving his daughter, to

put into this enterprise? . . . A. No, sir. Q. Didn't you tell Mr. Shannon on this occasion Mr. Post had given his daughter, Mrs. Betts, $5,000 to put into this enterprise? Mr. De Laney (counsel for defendants): As to Mrs. Betts, if such a conversation as that took place, . . . I will ask that the court instruct the jury that she is not bound by any statements they make. The Court: Proper instructions can be brought in at the proper time; I will give the jury those instructions. Of course, if she were not present she is not bound by the conversation. . . . A. No, sir." In rebuttal the plaintiff was permitted to testify, over defendants' objection, that Calmus said, at the time and place referred to in his cross-examination, that Mr. Post was giving Mrs. Betts $5,000 to invest "in the oil proposition." Manifestly there was no error in the ruling.

The judgment is affirmed.

Hart, J., and Plummer, J., concurred.