[Civ. No. 17233.   Second Dist., Div. Two.   Nov. 2, 1949.]

NATHAN FRIED, Appellant, v. THE MUNICIPAL COURT OF THE CITY OF LOS ANGELES et al., Respondents.

Geo. P. Cook for Appellant.

Harold W. Kennedy, County Counsel, and Wm. E. Lamoreaux, Deputy County Counsel, for Respondents.

WILSON, J.—Appeal from judgment dismissing a petition for writ of mandate.

Petitioner brought an action in the municipal court of Los Angeles on a written contract signed by Mae Christian for the purchase of household furniture. Two persons were named as defendants under fictitious names. Defendant Christian failed to answer, whereupon a judgment by default was entered against her for the balance due on the contract, together with attorney's fees.

Thereafter petitioner, plaintiff in the municipal court action, filed an affidavit with the clerk pursuant to section 989* of the Code of Civil Procedure against one Neceph O. Fhren, purported to have been sued under the fictitious name of John Doe. A summons was issued against him in the so-called joint debtor proceeding. Upon his failure to respond to the summons his default was entered by the clerk. The plaintiff then applied for a judgment against Fhren pursuant to sections 989 to 994 of the Code of Civil Procedure. The clerk refused to enter judgment against him and upon application to the presiding judge of the court he likewise refused. The parties to this proceeding agree that the reason for the refusal was that Fhren did not sign the contract upon which the action was brought.

---

*Section 989 reads: "When a judgment is recovered against one or more of several persons, jointly indebted upon an obligation, by proceeding as provided in section 414 of this code, those who were not originally served with the summons, and did not appear in the action, may be summoned to appear before the court in which such judgment is entered to show cause why they should not be bound by the judgment, in the same manner as though they had been originally served with the summons."

Section 414, referred to in section 989, reads as follows: "When the action is against two or more defendants jointly or severally liable on a contract, and the summons is served on one or more, but not on all of them, the plaintiff may proceed against the defendants served in the same manner as if they were the only defendants."

Petitioner then commenced the instant proceeding in the superior court praying for a writ of mandate directing the municipal court and its clerk to enter judgment by default against Fhren. A demurrer to the amended petition was sustained without leave to amend and judgment was entered dismissing the proceedings, from which this appeal comes.

A judgment against a joint debtor must be based upon the same cause of action as that on which the judgment was entered. In a joint debtor proceeding the complaint must be examined for the purpose of determining the obligation on which the original judgment was entered. The entire proceeding is statutory and exclusive and is in the nature of an action on the judgment. (*Cooper* v. *Burch,* 140 Cal. 548, 551 [74 P. 37].)

If the complaint does not state a cause of action against the alleged joint debtor a judgment cannot be entered against him. An objection to the sufficiency of the complaint to state a cause of action may be taken at any stage of the case. (Code Civ. Proc., § 434; *Bell* v. *Thompson,* 147 Cal. 689, 694 [82 P. 327] ; *Shahabian* v. *Najarian,* 14 Cal.App.2d 435, 440 [58 P.2d 396].)

The complaint in the municipal court action did not state a cause of action against Fhren, the alleged joint debtor. The allegation is that Mae Christian entered into a written conditional sales contract for household furniture at an agreed price "which said sum said defendants agreed to pay." There is no allegation that Fhren or any fictitiously named person was a party to the contract or that any person was jointly indebted upon the obligation of Christian. Petitioner's supposititious statement that Fhren may have assumed the obligation by a separate instrument without having signed the original contract does not avail to sustain the instant proceeding. A hypothetical case is not a substitute for fact. Since plaintiff did not plead such an instrument it will be presumed that none existed.

Furthermore, the court was without power to enter a judgment against Fhren since he was purportedly sued under a fictitious name and the complaint was not amended by substituting his true name. (Code Civ. Proc., § 474; *Roseborough* v. *Campbell,* 46 Cal.App.2d 257, 263 [115 P.2d 839] ; *Flores* v. *Smith,* 47 Cal.App.2d 253, 262 [117 P.2d 712].)

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.