[Civ. No. 22803.   Second Dist., Div. Two.   June 9, 1958.]

WARREN HOBGOOD, Appellant, v. J. W. GLASS et al., Defendants; LOUIS F. WOOD, Respondent.

Nessen & Becker for Appellant.

Charles Chorna and Bertram H. Ross for Respondent.

HERNDON, J.—This is an appeal by plaintiff from a judgment for defendant Wood in an action, tried without a jury, seeking damages for breach of an express oral contract to transport certain poultry from Georgia to California, and, in a separate count, for negligence in the performance of the contract.

Plaintiff is a trucking broker in Georgia. Shortly before December 22, 1955, a California corporation (hereinafter referred to as "the consignee") placed an order with plaintiff to haul a load of poultry from Athens, Georgia, to Los Angeles. The complaint alleges an express oral contract whereby plaintiff's hauling contract was subcontracted to defendants Glass, Wood and Hughes allegedly acting as partners or joint venturers. The load of poultry which is the subject of this action left Athens, Georgia, on December 22, 1955, and was delivered in Los Angeles almost 14 days later by one Billie Brock, the driver of the truck.

When the load was delivered there was considerable spoilage. Ultimately the Federal Food and Drug Administration filed a libel action in the local United States District Court, and the entire load, valued at $7,000, was condemned. On the demand of the consignee in Los Angeles, plaintiff paid the consignee's claim, taking from the consignee an assignment of all its rights in and to the cause of action and in and to the poultry. Although there was a small amount of salvage from the load, the net loss claimed by plaintiff exceeded $5,000.

Plaintiff was unable to effect personal service of summons on any of the three named defendants, all being nonresidents. However, plaintiff levied an attachment on the truck and trailer. This attachment apparently induced the defendant Wood to appear and answer. He claimed sole ownership of the truck. The other two defendants made no appearance. By his answer, Wood denied that he was either a partner or an employee of the other defendants and denied that he had anything to do with the transaction which is the subject of this action.

Plaintiff elected to bring the action to trial as against the

answering defendant Wood. At the outset of the trial, on motion by counsel for defendant Wood, and over plaintiff's objection, the court ordered the action dismissed as to the defendants Glass and Hughes. The proceedings on this motion are reported in the transcript as follows: "MR. ROSS: May I suggest at this time, your Honor, in that the defendant, Wood, whom we represent, is the only defendant who has been served, that it would be in the interest of justice to dismiss as against all other defendants. THE COURT: Now, let's see—— MR. ROSS: Louis F. Wood—he is the only answering defendant. THE COURT: All right, I guess you are correct. Louis F. Wood is the only answering defendant? MR. ROSS: That is correct. THE COURT: He answers as, I presume of course, an individual? MR. ROSS: That is correct. THE COURT: All right. We will dismiss all other defendants, other than Louis F. Wood. MR. BECKER: If the Court please, the only reason the other defendants have not answered is because they are all non-residents; even Mr. Wood is a non-resident of the State of California, and the only reason that we have jurisdiction to proceed is by reason of the attachment of some of his property in the State of California, and it seems to me that it isn't essential to dismiss the other defendants at this time, particularly as we intend to show that the evidence in this case will indicate that the other defendants, and the defendant Wood, were in partners, or were a partnership. THE COURT: Well, of course, if they haven't answered you can't proceed against them. They are not before the Court. MR. BECKER: Not at this trial—— THE COURT: No, and you couldn't bring them in later. In other words, I couldn't render a partial judgment, for instance, a judgment in favor of plaintiff against this answering defendant and leave the case wide open against other defendants that haven't answered. You couldn't go to trial, ultimately, as against the other defendants in any event because you would have your case adjudicated here. In other words, you are ready for trial or you are not ready for trial. MR. BECKER: We are ready for trial, your Honor, and we intend to proceed for trial, and, if necessary, only against the defendant, the answering defendant, Wood. THE COURT: I think the motion is well taken. If none of the other defendants answered, I think it is only proper to keep the pleadings in shape, that we dismiss out any defendants that are not here before the Court. I will grant the request. I think it is necessary to keep the pleadings in shape and straight that we do. Motion will be granted. MR. ROSS: Thank you, your

Honor.'' Plaintiff assigns the making of this order as prejudicial error.

■ The order of dismissal was clearly erroneous, and was made upon several misconceptions of law as the above quoted statements of the trial judge indicate. Since plaintiff was proceeding upon a cause of action *ex contractu* against three defendants alleged to be partners, he had a clear right to proceed against the defendant served. (Code Civ. Proc. § 414.)[1] The liability of partners for debts and obligations arising out of contract is joint. (Corp. Code, § 15015.) It is not questioned that if plaintiff had prevailed against Wood, the court could have rendered judgment against him leaving the action pending as against the others. (*Merchants National Bank* v. *Clark-Parker Co.*, 215 Cal. 296, 299 [9 P.2d 826, 81 A.L.R. 778].) And, had plaintiff recovered judgment against Wood on a contractual obligation of the partnership as alleged he would have had the right later to summon the other jointly indebted defendants to show cause why they should not be bound by it. (Code Civ. Proc., § 989.)[2]

In *Iwanaga* v. *Hagopian,* 39 Cal.App. 584, 585 [179 P. 523], the court refers to the common law rule that a partnership obligation is joint, and not joint and several, and to the corollary rule that a judgment against less than all the partners upon such a liability extinguishes the original claim against all for the reason that the joint obligation is deemed merged in the judgment. The decision then proceeds to point out that in California the common law rules have been abrogated by statute:

''In some states the rigor of this common-law rule has been relaxed by statutes, which declare the obligations of copartners to be several as well as joint. But in this state the common-law rule has been expressly enacted by section 2442 of the Civil Code, which declares the liability of copartners to be joint, and we have no provision permitting several judgments to be recovered in several actions upon a joint obligation. The ex-

---

[1] § 414. ''When the action is against two or more defendants jointly or severally liable on a contract, and the summons is served on one or more, but not on all of them, the plaintiff may proceed against the defendants served in the same manner as if they were the only defendants.''

[2] § 989. ''When a judgment is recovered against one or more of several persons, jointly indebted upon an obligation, by proceeding as provided in section 414 of this code, those who were not originally served with the summons, and did not appear in the action, may be summoned to appear before the court in which such judgment is entered to show cause why they should not be bound by the judgment, in the same manner as though they had been originally served with the summons.''

tent to which the common-law rule on this subject has been changed by the provisions of section 414 and section 989 of the Code of Civil Procedure is by permitting (section 414) an action brought against the joint debtors, but in which the summons has not been served on all, to proceed to judgment against those served; and (section 989) after judgment so obtained, to bring in any of the defendants not served by an order to show cause why they should not be bound by the judgment.''

It may be noted that after the decision in *Iwanaga* v. *Hagopian, supra,* section 2442 of the Civil Code was repealed by the enactment of the Uniform Partnership Act in 1929, and that subsequent statutory changes in the nature of partnership obligations are reflected in the presently effective provisions of the Corporations Code. (Corp. Code, §§ 15013, 15014, and 15015.) Clearly, however, those subsequent changes do not affect the application of sections 414 and 989 of the Code of Civil Procedure in the case at bar.

Respondent has not cited us to any statute or decision affording any supportable ground upon which to justify the order of dismissal. It is urged, however, that plaintiff was not prejudiced by the order. Determination of the question of prejudice requires a consideration of subsequent developments in the trial.

Plaintiff testified that the three defendants, Wood, Glass and Hughes, represented themselves as partners and coparticipants in the hauling venture at the time the contract was made. He testified to subsequent conversations and conduct which tended to support his version that the contract to haul the poultry was the joint undertaking of all three defendants. The defendant Wood, on the other hand, testified: that he had never entered into any business relationship with Glass or Hughes; that he had merely introduced Glass and Hughes to plaintiff as persons who were interested in obtaining hauling contracts; and that the use of his truck by Glass and Hughes to deliver the poultry to Los Angeles was wholly unauthorized.

On cross-examination, Wood reiterated his testimony that Glass and Hughes had taken his truck without his permission, and further testified that he first learned of the unauthorized use of his truck on January 8, 1956, some seventeen days after the commencement of the trip. Wood gave further testimony on this subject under cross-examination as follows: ''Q. Did you file a suit against Hughes and Glass? A. No, sir. Q. Did they give—— did you take any note or promise of indemnity

for the loss of the truck, or the use of the truck? A. No, sir, I haven't. Q. Pretty friendly with Mr. Hughes and Mr. Glass? A. We have been friends for a long time. I believe they will do what they told me they would. Q. What is it they told you they would do? Q. That they will make it right if things don't work out. I mean, if I don't get my truck back.''

On the second day of trial, defendant Wood produced as his only witness (other than himself) the erstwhile defendant Glass. Mr. Glass gave testimony in effect as follows: that the contract was in fact that of defendant Hughes and himself; that Wood was not a party to it; that he and Hughes were partners, but that defendant Wood was not associated with them; and that he had taken Wood's truck without permission because his own truck was unavailable.

On cross-examination, Glass was asked whether he knew before he came out to California that he was coming out for the purpose of testifying in this case. He answered: ''I knew there was going to be a trial, and I came out here to see about it.'' After the court ruled that this answer was evasive, the witness answered the question in the affirmative. Later in the cross-examination, Glass was asked whether he had ever appeared or answered in the instant cause. After the court had sustained an objection to the question on the ground that it was immaterial, counsel for plaintiff made the following statement: ''MR. BECKER: I think, your Honor, we have this situation. We have been unable to effect service upon this witness heretofore, who is actually a party, and I was considering asking leave of Court in some manner to serve him at this time, to enjoin [sic] him as one of the other defendants in this action. I don't know how the mechanics, or the procedure with respect to trial would be. Perhaps during the noon recess I can determine that.

To the foregoing, the court responded as follows: ''THE COURT: First of all, I have no right to open this case up and bring in new parties, in my opinion. The case is proceeding to trial and, of course, the defendant here, this gentleman, is not a proper party to this case the way we are here, the status of the proceedings.[3] Therefore, I think the last question, or questions, are immaterial in this case. I am just going to try this case. I won't try some speculative case in the

---

[3] In view of the order of dismissal the witness was apparently regarded as a stranger to the action and presumably his testimony was evaluated accordingly.

future. Whether he is served or isn't served is another thing. That is the point, you see.''

In our view, the foregoing serves to emphasize the prejudice suffered by plaintiff as a result of the erroneous dismissal as to the defendants Glass and Hughes.[4]    Counsel for defendant Wood, through his gratuitous intervention in behalf of the non-appearing defendants (from whom he claimed no authority of representation), sought and obtained an erroneous order whereby he gained for his client and for defendant Glass substantial advantages to which neither was rightfully entitled. Having been dismissed as a defendant, Glass was enabled with impunity to so testify as to exonerate Wood by describing Hughes and himself as the sole parties responsible under the contract sued upon.  By exonerating Wood and bringing about the release of the attached truck, Glass was enabled to relieve himself of liability under his agreement with Wood to indemnify the latter in the event he lost his truck as a result of the attachment.

This misuse of the procedural rules does not comport with our notions of fair play.  We think plaintiff was not only entitled to the benefit of the statutory provisions to which we have alluded, but, under their proper application, he also was entitled to have the non-appearing defendants in the dilemma which inhered in the situation: whether to remain away from the trial and suffer any consequences resulting from that action, or to appear in the action, submit themselves to the jurisdiction of the court and abide by its judgment.

It is clear beyond any reasonable doubt that Wood and Glass at the time of trial were acting in friendly concert, notwithstanding their testimony to the effect that Glass had wrongfully converted Wood's truck by taking it on a trip across the continent without his knowledge or consent.

Other errors assigned by plaintiff relate to matters which are not likely again to be presented upon a retrial.  It is therefore unnecessary to discuss them.

The judgment is reversed.

Fox, P. J., and Ashburn, J., concurred.

---

[4]Since the parties do not discuss the question of the finality or appealability of the order we need not consider it.  (But see *Baxter* v. *Boege*, 173 Cal. 589 [160 P. 1072]; *Dabney Oil Co.* v. *Providence Oil Co.*, 29 Cal.App. 251 [155 P. 114]; *Nolan* v. *Smith*, 137 Cal. 360 [70 P. 166]; 3 Cal.Jur.2d 455 et seq., § 40.)