[Civ. No. 25226. Second Dist., Div. Two. Oct. 25, 1961.]

MACK McRAE, Appellant, v. W. F. BATES et al.,
Defendants; CLYDE W. COOK, Respondent.

[Civ. No. 25225. Second Dist., Div. Two. Oct. 25, 1961.]

MACK McRAE, Appellant, v. VISCOSE AMBULATORIUM
(a Corporation) et al., Defendants; CLYDE W. COOK,
Respondent.

Edward B. Freed for Appellant.

Arthur E. Briggs for Respondent.

FOX, P. J.—The appeals in these two cases have been consolidated for hearing in this court. One appeal (No. 25226) involves a joint debtor proceeding under sections 989[1]-994, Code of Civil Procedure. Plaintiff has appealed from an

---

[1]Section 989, Code of Civil Procedure, reads: ''When a judgment is recovered against one or more of several persons, jointly indebted upon an obligation, by proceeding as provided in section 414 of this code, those who were not originally served with the summons, and did not appear in the action, may be summoned to appear before the court in which such judgment is entered to show cause why they should not be

order quashing a joint debtor summons. In the other case (No. 25225) plaintiff appeals from a judgment of dismissal following the sustaining of a demurrer without leave to amend.

The initial action was commenced in August 1952, against defendant Bates for damages for malpractice. A judgment was recovered against him in May 1958. Respondent Cook was not a party to this action, nor was any cause of action attempted to be stated against him. In February 1960, plaintiff-appellant obtained issuance of a joint debtor summons against Cook. Thereafter Cook made a motion to quash said summons. His motion was granted. Plaintiff has appealed from the ensuing order.

"If the complaint does not state a cause of action against the alleged joint debtor a judgment cannot be entered against him." (*Fried* v. *Municipal Court,* 94 Cal.App.2d 376, 378 [210 P.2d 883].) In *Iwanaga* v. *Hagopian,* 39 Cal. App. 584 [179 P. 523], the court had for consideration the application of proceedings against joint debtors growing out of a partnership transaction where the connection of some of the partners with the firm was unknown to the plaintiff when he commenced his action. The court pointed out (p. 585) that sections 989 and 414 of the Code of Civil Procedure "do not go so far as to reach persons not made parties to the original suit, even though such persons were dormant partners and the plaintiff at the time of the commencement of the action was unaware of their interest."

At common law, if one of two or more joint debtors was not served in an action, a judgment against the others could not be enforced against the unserved party, nor could any other recourse be had against him "for the reason that the joint obligation is deemed merged in the judgment." (*Hobgood* v. *Glass,* 161 Cal.App.2d 208, 211 [326 P.2d 546]; *Iwanaga* v. *Hagopian, supra.*) Sections 989 and 414 provide a procedure which alleviates the hardship of this rule. It is obvious, however, that before a plaintiff can obtain the advantage provided by these sections their provisions must be followed. As pointed out in *Cooper* v. *Burch,* 140 Cal. 548,

---

bound by the judgment, in the same manner as though they had been originally served with the summons."

Section 414, Code of Civil Procedure, reads: "When the action is against two or more defendants jointly or severally liable on a contract, and the summons is served on one or more, but not on all of them, the plaintiff may proceed against the defendants served in the same manner as if they were the only defendants."

551 [74 P. 37], and in the *Fried* case, *supra,* "[t]he entire proceeding is statutory and exclusive. . . ."

 Applying these principles to the facts in the instant proceeding, it is apparent that there is no basis for holding Cook liable as a joint debtor for the judgment rendered against Bates, since no cause of action was alleged against him and he was not even made a party to the action. The trial court accordingly properly quashed the joint debtor summons The appeal from the order must therefore be affirmed.

### Appeal No. 25225

With respect to this action, plaintiff alleges that Bates was actually an employee or agent of Cook, and that Cook set Bates up in an operation designed to deceive the public into thinking it was a legitimate medical clinic, operated and owned by Bates alone, when in fact the operation was designed to serve only as an outlet for Cook's products, principally a salve. Plaintiff lost his leg and proved to the satisfaction of a jury that the loss was due to Bates' negligence. Bates subsequently entered bankruptcy, leaving the judgment unsatisfied. Having now discovered Cook's alleged connection with Bates, plaintiff seeks by this action in equity to collect from Cook the amount of the judgment against Bates.[2]

Plaintiff states his theory thus: "This is a suit in equity against an undisclosed principal who fraudulently concealed his existence as such . . . in order to avoid legal liability to persons who might suffer injury in dealing with his agent; which agent has been fraudulently represented to be the principal when in fact he was a mere figurehead; . . ." He goes on to say that Cook is the "real party in interest," that his attorney defended and he financed the former action; and as "real party in interest" he is estopped to deny his liability on the judgment for it is truly his judgment, as he has had his day in court.

 The defect in plaintiff's position is that he seeks too much. The Restatement of the Law of Judgments, section 84, states: "A person who is not a party, but who controls an action, individually or in cooperation with others, is bound

---

[2] In paragraph 56 of his third amended complaint, plaintiff says that he "seeks and prays a Decree in Equity, addressed and directed to defendants named herein, Ordering and Directing that they, and each of them, pay over to plaintiff these sums, together with Costs and Interest as plaintiff is entitled to by reason of that certain Judgment, Exhibit 'C'"; that is, the judgment plaintiff recovered against Bates for $31,207.08 in the prior suit.

by the adjudications of *litigated matters* as if he were a party if he has a proprietary or financial interest in the judgment or in the determination of a question of fact or of a question of law with reference to the same subject matter or transaction;..."[3] (*Emphasis added.*) Comment (c) of section 84 makes it clear that the rule applies *inter alia,* "to one who participates in an action because an issue in the action is the tortious quality of an act on which his liability . . . depends . . ." (see illus. 9). In comment (b) the editors point out that the rule has nothing to do with merger or bar, but rather a subsequent suit between the one in control and a party to the former action is a totally different cause of action. The rationale for the rule is stated in comment (a) to be that since a person is entitled to only one adjudication of an issue, it is not unfair to a person in control of the proceedings "that the judgment or the adjudication should determine the existence and the extent of interests which are dependent upon the determination of *issues in the action leading to judgment.*" (*Emphasis added.*) ■ It is clear, however, that Cook cannot be estopped from raising matters in his defense that were not litigated in the former action (see illus. 2), and the mere labelling of one who might have been a *proper* party as a "real party in interest" does not alter this rule.

Nor does plaintiff benefit from the decisions in *Mirabito* v. *San Francisco Dairy Co.,* 8 Cal.App.2d 54 [47 P.2d 530], and *Thomson* v. *L. C. Roney & Co.,* 112 Cal.App.2d 420 [246 P.2d 1017]. In those cases judgments rendered against subsidiary corporations were amended to include the names of dominant corporations. Due process was found to have been met in that (1) the attorneys of both corporations were the same; (2) the corporations were fully aware of all proceedings and subsidized the litigation; and (3) *the dominant corporations were found to be merely the alter ego of the subsidiary corporations.* Here Cook and Bates are separate individuals, and due process requires that Cook be afforded an opportunity to present any defenses he may have, at least to the extent that they were not determined in the former action which he is alleged to have controlled. (*Dillard* v. *McKnight,* 34 Cal.2d 209, 216 [209 P.2d 387, 11 A.L.R.2d 835]; *Bernhard* v. *Bank of America,* 19 Cal.2d 807, 811 [122 P.2d 892].) ■ As was stated in *Motores De Mexicali* v. *Superior Court,*

---

[3] Quoted with approval in *Dillard* v. *McKnight,* 34 Cal.2d 209, 216 [209 P.2d 387, 11 A.L.R.2d 835].

51 Cal.2d 172 [331 P.2d 1], which case refused to extend the doctrine of the *Mirabito* and *Thomson* cases, the Fourteenth Amendment ''guarantees that any person against whom a claim is asserted in a judicial proceeding shall have the opportunity to be heard and to present his defenses. . . . Nor is this difficulty overcome by the suggestion that [the parties whose names were sought to be added to the judgment] should have intervened in the action brought solely against [the defendant named therein], if they desired to assert any personal defenses against the drafts. They were under no duty to appear and defend personally in that action, since no claim had been made against them personally.'' (P. 176.)

Plaintiff does not allege facts entitling him to the equitable relief sought, or to any equitable relief at all. He cannot require Cook to pay the former judgment without affording him an opportunity to raise any defenses he may have, and although the complaint is not clear in many respects, it is quite plain that plaintiff seeks to state a cause of action that would avoid giving Cook that opportunity.[4] Equity cannot be used as a means of circumventing constitutional requirements.

The order in appeal No. 25226 is affirmed; the judgment in appeal No. 25225 is affirmed.

Ashburn, J., and Herndon, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 20, 1961.

---

[4]Plaintiff alleges that Cook has no defenses which were not litigated in the former trial. And in his petition for rehearing, p. 28, he asserts that he wants to go to trial on a single issue—whether Cook was ''the real party in interest'' or not.