[Civ. No. 7103. Fourth Dist. Oct. 22, 1962.]

MORRISON DRILLING CO., INC., Petitioner, v. THE SUPERIOR COURT OF ORANGE COUNTY, Respondent; THOMAS F. BAILEY et al., Real Parties in Interest.

*Assigned by Chairman of Judicial Council.

Hancock & Garland and David M. Garland for Petitioner.

No appearance for Respondent.

Kindel & Anderson and Paul F. Marx for Real Parties in Interest.

GRIFFIN, P. J.— This is a petition for a writ of certiorari to review an order of the respondent superior court staying all proceedings in the trial of an action until plaintiff therein (petitioner here) has brought into the action a party alleged to be indispensable.

Petitioner brought the action in the superior court against certain members of a joint venture to recover for the value of services alleged to have been rendered on behalf of the joint venture. The defendants who had been served in the action demurred on the ground that petitioner had failed to join Batzer Oil Corporation, a Wyoming corporation, as a defendant and that Batzer Oil Corporation was one of the members of the joint venture, a joint obligor, and an indispensable party. By leave of court, petitioner filed an amended complaint naming Batzer Oil Corporation as a party defendant. However, petitioner was unsuccessful in his attempts to serve Batzer Oil Corporation within the State of California and petitioner's motion to serve Batzer Oil Corporation as a foreign corporation doing business in the state, by service on the secretary of state, was denied because no showing was made that Batzer Oil Corporation had conducted any business

within the State of California. Thereafter, the petitioner brought this petition for a writ of certiorari.

The complaint alleges that petitioner is a Wyoming corporation and that about August 17, 1959, the respondents here and Batzer Oil Corporation entered into a written joint venture agreement whereby they agreed to drill an oil and gas well in Converse County, Wyoming. It is alleged that Batzer Oil Corporation, acting as the agent of the respondents, entered into an oral contract with petitioner in Wyoming whereby petitioner was to supply and did supply services and materials in connection with the drilling of an oil and gas well in Converse County, Wyoming. Petitioner alleges that the reasonable value of the services and materials supplied by it is $11,351.64 and that it has been paid no part of this amount. It is alleged that the respondents and each of them are indebted to petitioner in the amount of $11,351.64.

Appended to the original complaint is a contract between respondents and Batzer Oil Corporation. In this contract, it is agreed that Batzer Oil Corporation owns certain interests in oil leases in Converse County, Wyoming, that the parties agree to drill a test well on the leased land and that Batzer Oil Corporation shall be the agent of the parties in charge of the actual drilling of the well. It is provided that each of the parties, including Batzer Oil Corporation, shall have either a one-eighth or a one-fourth interest in the proceeds of the joint venture and in its obligations. It does not clearly appear whether this contract was entered into within the State of California. At the head of the contract, or letter purporting to be the contract, is noted "4252 Beverly Boulevard, Los Angeles 4, California, August 17, 1959." It is directed to William L. Rush at 3950 Beverly Boulevard, Los Angeles, California and is purportedly signed by all parties on August 18, 1959, including Batzer Oil Corporation by F. G. Batzer, vice president. The complaint does not allege the place where the agreement was executed.

Both petitioner and respondents agree that the statutory and case authority in this state provides that the parties to a joint venture are jointly liable in an action brought by a third person to enforce an obligation of the joint venture. (Corp. Code, § 15015.) In *Harrison* v. *McCormick,* 69 Cal. 616, 620 [11 P. 456], it was said:

"The rule is well settled that several persons contracting together with the same party for one and the same act, shall

be regarded as jointly, and not individually or separately liable, in the absence of any words to show that a distinct as well as entire liability was intended to fasten upon the promisors.'' This rule is reiterated in *Iwanaga* v. *Hagopian*, 39 Cal.App. 584 [179 P. 523]; *Mirabile* v. *Smith*, 119 Cal.App. 2d 685, 688-689 [260 P.2d 179]; and *Hobgood* v. *Glass*, 161 Cal.App.2d 208 [326 P.2d 546].

▮ It is also clear that joint obligors are indispensable parties to an action brought to enforce a joint liability. (*Williams* v. *Reed*, 48 Cal.2d 57 [307 P.2d 353].) In 1 Chadbourn, Cal. Pleading, at page 517, it is said: ''. . . joint obligors or obligees on a contract must be joined as plaintiffs or defendants.''

See also 2 Witkin, California Procedure, at page 1054, where it is said: ''. . . *joint obligors* or debtors jointly liable under a contract must be joined as defendants. [Citation.] *Partners and joint venturers* are likewise united in interest so as to require joinder in actions, whether on contract or tort.''

▮ Code of Civil Procedure, section 414, provides: ''When the action is against two or more defendants jointly or severally liable on a contract, and the summons is served on one or more, but not on all of them, the plaintiff may proceed against the defendants served in the same manner as if they were the only defendants.''

See also *Tally* v. *Ganahl*, 151 Cal. 418, 424 [90 P. 1049], where the plaintiff was allowed to proceed against one joint obligor alone where the other was absent from the state and not within the jurisdiction of the court. In *Rawitzer* v. *Wyatt*, 40 F. 609, the court held that Code of Civil Procedure, section 414, permits a plaintiff who has joined all joint obligors to proceed against less than all of them where service of process cannot be obtained on all of the joint obligors.

This view of the effect of Code of Civil Procedure, section 414, was reiterated in *Iwanaga* v. *Hagopian, supra,* 39 Cal. App. 584, and *Hobgood* v. *Glass, supra,* 161 Cal.App.2d 208. In the latter case, the court said:

''In *Iwanaga* v. *Hagopian*, 39 Cal.App. 584, 585 [179 P. 523], the court refers to the common law rule that a partnership obligation is joint, and not joint and several, and to the corollary rule that a judgment against less than all the partners upon such a liability extinguishes the original claim against all for the reason that the joint obligation is deemed

merged in the judgment. The decision then proceeds to point out that in California the common law rules have been abrogated by statute:

" 'In some states the rigor of this common-law rule has been relaxed by statutes, which declare the obligations of copartners to be several as well as joint. But in this state the common-law rule has been expressly enacted by section 2442 of the Civil Code, which declares the liability of copartners to be joint, and we have no provision permitting several judgments to be recovered in several actions upon a joint obligation. The extent to which the common-law rule on this subject has been changed by the provisions of section 414 and section 989 of the Code of Civil Procedure is by permitting (section 414) an action brought against the joint debtors, but in which the summons has not been served on all, to proceed to judgment against those served; and (section 989) after judgment so obtained, to bring in any of the defendants not served by an order to show cause why they should not be bound by the judgment.' " See also *Wharton* v. *Harlan,* 68 Cal. 422, 427 [9 P. 727].

The order of the lower court was therefore erroneous. It should not be inferred from this holding that the petitioner should have judgment on the issues framed by the pleadings. We have only discussed the issues presented by this petition. Our description of the liability of the defendants as "joint" is not intended to foreclose the trial court from deciding that this obligation is other than joint. Nor should our use of the term "joint venture" preclude the trial court from deciding the exact nature of the parties' relationship after the issues are framed by the pleadings and the evidence is presented. (See Corporations Code, § 25100, subd. (m).)

The petition here seeks a writ of certiorari. A writ of mandamus is more appropriate where a court erroneously refuses to assume jurisdiction. (3 Witkin, California Procedure, § 50, p. 2531.) Although the petition seeks the wrong relief, there is no reason why this court should not grant the appropriate writ where the complete record is before us. (*Board of Trustees* v. *State Board of Equalization,* 1 Cal.2d 784 [37 P.2d 84, 96 A.L.R. 775]; 3 Witkin, California Procedure, pp. 2567-2569.)

Let a writ of mandate issue directing respondent court to vacate all orders abating or staying proceedings in action

No. 97691 in said court, and directing it to assume jurisdiction, and to proceed to trial of the action.

Shepard, J., and Coughlin, J., concurred.

A petition for a rehearing was denied November 8, 1962, and the petition of the real parties in interest for a hearing by the Supreme Court was denied December 19, 1962.