[Civ. No. 1564. Fifth Dist. Feb. 27, 1973.]

GORDON VINCENT, Plaintiff and Respondent, v.
PAUL GRAYSON et al., Defendants and Appellants.

**COUNSEL**

Scher & Cornblum and Yale H. Smulyan for Defendants and Appellants.

Rowell, Lamberson, Thomas & Hiber and Edwin H. Hiber for Plaintiff and Respondent.

**OPINION**

**FRANSON, J.**—Appellants appeal from a judgment entered against them in a joint debtor proceeding pursuant to Code of Civil Procedure section 989 et seq.

On July 14, 1965, three "advertising contracts" were executed by Tratel Fresno, Inc., by Darrel A. Stark, its president, and Bud Thackrah, as advertisers, and accepted by respondent on behalf of Vincent Signs. The contracts called for respondents to maintain in good condition for a period of 36 months, at a specified monthly payment, outdoor advertising boards at

various locations. Each contract contained the following provisions: "In the event that suit is instituted to enforce this contract, or any part thereof, we promise to pay a reasonable attorney's fee in such suit in addition to the costs allowed by law, and agree that if any monthly payment remains in default for thirty (30) succeeding days, then at the option of the VINCENT SIGNS the entire balance due under this agreement shall immediately become due and payable OR the VINCENT SIGNS may discontinue the services and/or sue for the time used."

On January 31, 1966, respondent filed a suit against Tratel Fresno, Inc., Bud Thackrah, and Does I through X. The complaint alleged three causes of action, each based upon one of the advertising contracts, copies of which were attached to the complaint. Each cause of action pleaded that "Plaintiff *and defendants* entered into a contract in writing . . ." (italics added), and alleged that the defendants were in default of their installment obligations, that plaintiff exercised his option to declare all future installments payable immediately, that "Plaintiff has performed all conditions on his part under said contract to be performed precedent to the obligation of defendants and each of them to pay the above amounts," and that the total unpaid contract price plus interest at 7 percent and reasonable attorney's fees were presently due from the defendants.

On March 17, 1966, after proof of service of summons and a copy of the complaint on Tratel Fresno, Inc. and Thackrah, and their failure to answer within the time allowed, their defaults were entered. On March 24, 1966, a default hearing was held before a judge of the superior court, at which time respondent introduced the original contracts into evidence. No other evidence was introduced at the hearing. A judgment was entered against Tratel Fresno, Inc. and Thackrah for the total unpaid contract price of $11,545, $1,725 attorney's fees, $140.27 interest and $30.50 costs.

After entry of the default judgment, respondent learned of the existence of a partnership between Tratel Fresno, Inc., Gus Ravetz, Paul Grayson, Gerald Grayson, and L. C. Plowman, organized for the purpose of operating a trailer park, and was informed that the contracts upon which the default judgment was based were entered into by Tratel Fresno, Inc. on behalf of the partnership.

Respondent was granted leave to amend his complaint to substitute Tratel Fresno, a copartnership, for Doe I, Gus Ravetz for Doe II, Paul Grayson for Doe III, Gerald Grayson for Doe IV, and Plowman for Doe V. Respondent initiated joint debtor proceedings against these parties by filing declarations under penalty of perjury wherein he alleged the existence of the partnership

and that the contracts were entered into by Tratel Fresno, Inc. as one of the partners on behalf of the partnership, and as a consequence Ravetz, Paul and Gerald Grayson and Plowman were jointly liable with Tratel Fresno, Inc. and Thackrah on the unsatisfied default judgment.[1]

Pursuant to Code of Civil Procedure section 989 et seq., summons was issued and served on Ravetz, the two Graysons, and Plowman, ordering them to show cause why they should not be bound by the judgment in the same manner as though they had been originally served with summons. The parties answered and asserted most of the defenses raised on this appeal, including the defense that under the joint debtor proceedings they were required to defend a cause of action upon a partnership debt for which no judgment was entered. The answer also alleged that the purported liquidated damage clauses in the advertising contracts were forfeiture provisions and unlawful, and that the default judgment should not be enforced against them.

Gus Ravetz died on February 14, 1968; Miriam Ravetz, as executrix of his last will, was substituted in his place as a defendant in the joint debtor proceedings.

The cause proceeded to trial on October 2, 1969, after which the court made its findings of fact to the effect that each of the contracts was entered into by Tratel Fresno, a partnership, by Tratel Fresno, Inc., and that in signing the contracts Tratel Fresno, Inc. did so on behalf of the partnership in which Ravetz and Paul and Gerald Grayson were partners. No finding was made that Tratel Fresno, Inc. was acting as an agent for Ravetz or the Graysons when it signed the contracts. Plowman was found not to be a partner. The court concluded that the partnership and Ravetz and Paul and Gerald Grayson were jointly liable to respondent on the contracts, and rendered judgment against them for the amount of the default judgment together with accrued interest at the rate of 7 percent per annum from March 25, 1966. Miriam Ravetz and Paul and Gerald Grayson timely appealed from the judgment. The partnership did not appeal.

The following questions are presented:

(1) Did the trial court err in allowing respondent to amend his complaint

---

[1]Actually, respondent amended his complaint to substitute the partnership and Ravetz in the place of Does I and II on April 26, 1966, and on the same date instituted joint debtor proceedings against said defendants. It was not until May 31, 1967, that he amended his complaint to name the Graysons and Plowman in the place of Does III, IV and V, and instituted joint debtor proceedings against them. After various pretrial motions and petitions for mandamus filed and denied without opinion by this court and the Supreme Court, the proceedings were consolidated for trial.

after judgment to substitute the true names of Ravetz and Paul and Gerald Grayson, so as to make them parties to the action?

(2) Can respondent enforce the default judgment against these parties on a cause of action for a partnership debt?

(3) Were the damages awarded at the default hearing erroneous as a matter of law, and if so is this "cause" why the judgment should not be enforced?

■ Appellants' contention that the trial court lacked jurisdiction to allow an amendment to the complaint to substitute the true names of the fictitious defendants after the default judgment had become final is answered by Code of Civil Procedure section 993, which allows amendments to the pleadings in a joint debtor proceeding "as in other cases." The statute continues the court's jurisdiction over the joint obligors not served with process for the limited purpose of enforcing the judgment. (See Code Civ. Proc., § 989 et seq.; *Fried* v. *Municipal Court,* 94 Cal.App.2d 376 [210 P.2d 883]; *McRae* v. *Bates,* 196 Cal.App.2d 510 [16 Cal.Rptr. 565].)

Respondent complied with the requirements of Code of Civil Procedure section 474 in alleging that he was ignorant of the true names of the fictitious defendants, and when their true names were discovered he amended the complaint to show their true names. This procedure is authorized when a plaintiff either does not know the true names of the defendants or is ignorant of the facts giving rise to a cause of action against them. (*Austin* v. *Massachusetts Bonding & Ins. Co.,* 56 Cal.2d 596, 600 [15 Cal.Rptr. 817, 364 P.2d 681]; *Johnson* v. *Goodyear Tire & Rubber Co.,* 216 Cal. App.2d 133, 137 [30 Cal.Rptr. 650]; 3 Witkin, Cal. Procedure (2d ed. 1971) § 368, pp. 2030-2031.)[2]

In order to enforce the default judgment against fictitious defendants, the complaint must state a joint liability cause of action against them. (Code Civ. Proc., § 989; *McRae* v. *Bates, supra,* 196 Cal.App.2d 510; *Fried* v. *Municipal Court, supra,* 94 Cal.App.2d 376, 378.) ■ Respondent alleged that plaintiff *and defendants* entered into the contracts sued upon. The contracts expressly provide: "I/We hereby promise and agree to pay Vincent Signs . . . ." This language imparts a joint and several obligation. (See Civ. Code, §§ 1430, 1431, 1659, 1660; 1 Witkin,

---

[2]An amendment substituting the true names of fictitious defendants is not a matter of substance because it does not change the cause of action nor affect the issues raised by the pleadings. (*Drotleff* v. *Renshaw,* 34 Cal.2d 176, 181-182 [208 P.2d 969].)

Summary of Cal. Law (7th ed. 1960) Contracts, § 213, p. 243.) The fact the contracts are not signed by appellants is not determinative of whether a joint cause of action is stated against them. A plaintiff need allege only the ultimate fact of the making of the contract by the principal without alleging either the fact of agency or the agent's authority, to state a cause of action for breach of contract against a principal. (See *House Grain Co.* v. *Finerman & Sons,* 116 Cal.App.2d 485 [253 P.2d 1034]; *Pfaff* v. *Fair-Hipsley, Inc.,* 232 Cal.App.2d 274 [42 Cal.Rptr. 624].) The allegations would permit proof that the contracts were signed by Tratel Fresno, Inc. as agent for appellants.

The amendment substituting the true names of the fictitious defendants was proper, and they are deemed parties to the original action. (*Nissan* v. *Barton,* 4 Cal.App.3d 76, 78-79 [84 Cal.Rptr. 36].)

We turn now to the question whether the default judgment can be enforced against appellants by proof that the contracts were entered into by Tratel Fresno, Inc. on behalf of the partnership and in the course of partnership business. As stated in *Fried* v. *Municipal Court, supra,* 94 Cal.App.2d 376, 378: "A judgment against a joint debtor must be based upon the same cause of action as that on which the judgment was entered. In a joint debtor proceeding the complaint must be examined for the purpose of determining the obligation on which the original judgment was entered. The entire proceeding is statutory and exclusive and is in the nature of an action on the judgment. (*Cooper* v. *Burch,* 140 Cal. 548, 551 [74 P. 37].)"

The test to be applied in determining whether a different cause of action is introduced is not whether under technical rules of pleading a new cause of action is stated but, rather, whether an attempt is made to state facts which give rise to a wholly distinct and different legal obligation. (*Klopstock* v. *Superior Court,* 17 Cal.2d 13, 20 [108 P.2d 906, 135 A.L.R. 318]; see Cal.Jur.2d, Judgments, § 257, p. 222.)

From respondent's affidavits it is clear that he sought to enforce the default judgment against appellants on a completely different obligation than alleged in his complaint. Rather than proving that Ravetz and the Graysons entered into the contracts either personally or by Tratel Fresno, Inc. as their agent, he alleged and sought to prove that they were liable as partners because the contracts were signed by Tratel Fresno, Inc. in the course of partnership business.[3] Such a cause

---

[3]Partners are jointly, not jointly and severally, liable on partnership contracts. (Corp. Code, § 15015, subd. (b); *Iwanaga* v. *Hagopian,* 39 Cal.App. 584 [179 P. 523]; *Hobgood* v. *Glass,* 161 Cal.App.2d 208 [326 P.2d 546].) Normally a judgment

of action raises substantially different factual issues from those adjudicated at the default hearing.

In *Roemer* v. *Nunes,* 73 Cal.App. 368 [238 P. 820], a complaint alleging that the defendants were copartners doing business as a copartnership and that they executed and delivered to the plaintiffs a promissory note signed by one of the defendants only, was held not to state a cause of action against the partner who did not sign the note. The court stated, at page 371: "It is to be observed that while it is alleged that the defendants made, executed and delivered a certain promissory note, the instrument set forth and designated a promissory note shows that it was signed by Frank S. Nunes; that it is in the singular form throughout. The complaint does not state that the note or contract sued upon was made for the benefit of M. S. Nunes or for any partnership to which he was a party. While the complaint contains an allegation that the defendants are copartners doing business as a copartnership there are no averments that the obligation sued upon was a partnership one nor that the defendants are being sued as copartners."[4]

In *Cooper* v. *Burch,* 140 Cal. 548 [74 P. 37], the plaintiffs originally brought an action on a promissory note "purporting to be jointly executed by J. D. Burch, J. R. Boal, and the appellant, G. B. Patton, by J. R. Boal, his attorney in fact." Only Burch and Boal were served and upon their default judgment was entered against them. Two years later Patton appeared in a joint debtor proceeding and denied that Boal was ever authorized as his attorney in fact to execute the note; the plaintiffs were granted leave to amend their original complaint to allege that all of the defendants were partners and that the note was a partnership obligation and therefore the defendants were liable as partners. The joint debtor proceeding

---

against less than all of the partners upon a partnership liability extinguishes the claim against all because the joint obligation is merged into the judgment, and because the partners did not undertake individual liability. (*Iwanaga* v. *Hagopian, supra;* see *Williams* v. *Reed,* 48 Cal.2d 57, 65 [307 P.2d 353]; *Morrison Drilling Co., Inc.* v. *Superior Court,* 208 Cal.App.2d 740, 743-744 [25 Cal.Rptr. 682].) Also, while partners are agents of the partnership insofar as they act in the course of partnership business (Corp. Code, § 15009, subd. (1)) a partner normally is not an agent of his fellow partners to the extent of imposing on them a *several* liability as principals on written contracts entered into by him in the course of the partnership business.

[4]*Roemer* v. *Nunes* involved an appeal from an order denying a motion to vacate a default judgment. The court noted that M. S. Nunes had been served with process and had reasonable notice of the claim against him and the opportunity to appear and defend on the claim. The court affirmed under the rule that a judgment is not void if the court had jurisdiction of the parties and the subject matter, irrespective of whether the complaint states a cause of action, citing *Christerson* v. *French,* 180 Cal. 523 [182 P. 27]. *Roemer* did not involve a joint debtor proceeding.

was tried on the amended complaint, and judgment was entered against Patton. The trial court granted a new trial on the ground, among others, that it had erred in allowing the amendment to the complaint. The Supreme Court affirmed, holding that the joint debtor statute vested the trial court with limited jurisdiction over Patton whereby he could be required only ". . . to show cause why he should not be bound, to the same extent as his co-obligors, by the judgment already entered against them." (P. 551.) It was noted that the joint debtor proceedings are statutory and exclusive and in the nature of an action upon the judgment.

At page 552, the Supreme Court stated: "The statute provides but two defenses which can be interposed—a denial of the judgment, or a denial of the obligation.[5] Upon the first, the complaint serves no purpose whatever under the statute; under the second, it is pertinent only to show what was the nature of the obligation upon which the judgment was rendered. If an amendment to the original complaint were permitted, as in the case at bar, changing the cause of action from a suit upon a promissory note, upon which the judgment was rendered, to an action upon partnership indebtedness, upon which no judgment had been rendered, the sole and only defense permitted by the statute—to show non-liability 'on the obligation upon which the judgment was recovered'—would never be available to a defendant; but, on the contrary, he would be required to interpose a defense not so accorded him, and show non-liability on a cause of action upon which no judgment was ever recovered."

In *Kupfer* v. *Brawner,* 19 Cal.2d 562, 564 [122 P.2d 268], the Supreme Court reaffirmed the rule of *Cooper* v. *Burch, supra,* by stating that a defendant in a joint debtor proceeding could raise on appeal from a judgment therein the issue of whether the judgment was based on a different cause of action than the original judgment to be enforced against him. In *Kupfer* the original judgment was based on a cause of action for the express contract rental rate for oil drilling equipment (action on the contract) and in the joint debtor proceeding the cause sought to be enforced was for the reasonable rental value of the equipment (action in quantum meruit).

Respondent cites a series of cases for the proposition that an action may be brought against individual partners on their joint liability for a partnership obligation without naming the partnership or alleging that

---

[5]This is still true; however, if the defendant denies the judgment he can raise any defense arising subsequent thereto (such as payment on the judgment) and if he denies the obligation he can raise any defense which existed at the commencement of the original action, such as the statute of limitations. (Code Civ. Proc., § 992.)

they are partners. (*Hansen* v. *Burford,* 212 Cal. 100, 108-109 [297 P. 908]; *Pike* v. *Zadig,* 171 Cal. 273, 277 [152 P. 923]; *Shannon* v. *Calmus,* 70 Cal.App. 652, 655 [234 P. 107].) These cases are not in point for the reason that the causes of action pleaded are ones "implied in law" for labor, services or material rendered "for the benefit of the defendants," rather than suits on a written agreement. The only ultimate fact in such cases is the delivery of the goods or the rendering of the services for the use and benefit of the defendants, from which fact a promise to pay is implied. In such cases the fact a partnership existed or that the obligation was incurred in the course of partnership business is merely evidentiary matter from which the ultimate fact may be proved; evidentiary facts need not be pleaded.

Code of Civil Procedure section 993,[6] as amended in 1907, expressly states that the parties in a joint debtor proceeding may amend their pleadings "as in other cases." Construed literally, the quoted language would mean that under the rule of liberal allowance of amendments to pleadings a plaintiff seeking to enforce a judgment in a joint debtor proceeding can amend to assert a new cause of action provided the new cause of action arises from the same transaction or general set of facts giving rise to the original cause of action. (See *Klopstock* v. *Superior Court, supra,* 17 Cal. 2d 13, 20; *Wennerholm* v. *Stanford University School of Medicine,* 20 Cal.2d 713, 718 [128 P.2d 522, 141 A.L.R. 1358]; *Austin* v. *Massachusetts Bonding & Ins. Co., supra,* 56 Cal.2d 596, 600-601; 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, §§ 1079-1080, pp. 2655-2658.)

However, the code commissioner's notes to section 993 indicate that the legislative intent in the 1907 amendment was to change the rule announced in *Waterman* v. *Lipman,* 67 Cal. 26 [6 P. 875].

In the *Waterman* case, Waterman, Truenbenbach and Waterman alleged themselves to be partners under the firm name of Waterman & Company; they sued Lipman, Lauderback and Cushing to recover on promissory notes. Lipman alone was served, and default was entered against him when he failed to answer. Four years later the plaintiffs proceeded against

---

[6]Code of Civil Procedure section 993 reads as follows: "If the defendant, in his answer, denies the judgment, or sets up any defense which may have arisen subsequently, the summons, with the affidavit annexed, and the answer, constitute the written allegations in the case; if he denies his liability on the obligation upon which the judgment was recovered, a copy of the original complaint and judgment, the summons, with the affidavit annexed, and the answer, constitute such written allegations, subject to the right of the parties to amend their pleadings as in other cases."

Lauderback to bind him to the judgment pursuant to section 989 of the Code of Civil Procedure. By way of defense, Lauderback alleged that the plaintiffs had not complied with Civil Code sections 2466 and 2468, which require persons doing business under a fictitious name to file a certificate and bars them from suing until such certificate is filed. At the hearing, the plaintiffs offered a certificate indicating that the firm consisted of themselves and also one Phister, as proof of compliance with the statutes, and asked leave to amend their complaint to add Phister as a member of the firm of Waterman & Company. The trial court denied the motion to amend, and granted a nonsuit. The Supreme Court affirmed, stating: "Lauderback was summoned to show cause why he should not be bound by a judgment which Waterman, Truenbenbach and Waterman had obtained against Lipman, not one obtained by Phister and the others; this proceeding is in the nature of an action upon a judgment, where the pleadings in the former action cannot be amended, nor could the judgment against Lipman be amended." (P. 27.)

The amendment sought by the *plaintiffs* in *Waterman* was not one of substance, i.e., it did not change the issues or the cause of action upon which the default judgment was entered. (See *Thompson* v. *Cook,* 20 Cal.2d 564, 568 [127 P.2d 909]; *Lubarsky* v. *Richardson,* 218 Cal. 27, 31-32 [21 P.2d 557].)

Having in mind that a joint debtor proceeding is in the nature of a summary[7] action on the judgment, we construe section 993 to mean that the parties can amend their pleadings to cure technical defects or matters of form, such as to allow proof of compliance with the statutory requirement to file a certificate of doing business under a fictitious name, as in *Waterman,* or to substitute the true names of parties sued as fictitious defendants, as in the case at bench, but that it does not authorize a plaintiff to amend his complaint to raise new issues of fact giving rise to a different legal obligation. (*Kupfer* v. *Brawner, supra,* 19 Cal.2d 562, 564; *Cooper* v. *Burch, supra,* 140 Cal. 548.) To countenance this would be to permit a new lawsuit against a defendant without affording him the protection of the normal rules of procedure available in a plenary action. It would also render the statutory scheme for joint debtor proceedings incomprehensible in that a defendant would be summoned to show cause why a judgment which has not yet been entered should not be enforced against him.

We hold that the trial court erred in enforcing the default judgment against appellants on a cause of action for partnership debt.

---

[7]By "summary" we mean a statutory proceeding limited as to issues, and where the burden of proof initially rests with the defendant.

We deem it appropriate to reach the issues of whether the damages awarded at the default hearing were erroneous as a matter of law and, if so, whether this also constitutes "cause," within the meaning of Code of Civil Procedure section 989, why the default judgment should not be enforced against appellants.

The default judgment awarded respondents damages in the amount of the total unpaid contract price—in effect, a judgment for specific performance of the contract. Respondent did not allege or prove facts which would justify such extraordinary relief.

In seeking the unpaid contract price, which necessarily included his profit arising from the entire contract, respondent sued for a total rather than a partial breach of contract. (See *Oliver* v. *Campbell,* 43 Cal.2d 298, 302 [273 P.2d 15]; *Coughlin* v. *Blair,* 41 Cal.2d 587, 598 [262 P.2d 305].) Since he failed to prove actual damages resulting from the total breach, the award of the unpaid contract price cannot stand as a matter of law.

Recovery of a judgment for a total breach ends the obligation of both parties to perform the contract. (*Coughlin* v. *Blair, supra.*) Respondent's continued performance after the default judgment was of no benefit to appellants, and respondent was aware of this for he testified that early in 1966 he knew the trailer park was no longer in operation. As a volunteer he would not be permitted to recover in quasi-contract for the reasonable value of his services.

Without proof of actual damages, respondent was awarded 36 months' rent for 6 months' performance on his part. Had the acceleration clause by its terms provided for such a result it would be unenforceable as a forfeiture. (See *Hill* v. *Hearron,* 113 Cal.App.2d 763, 766 [249 P.2d 54].) A default judgment which has this effect is considered no less a forfeiture.

If the acceleration clause is construed as a liquidated damage provision it would be unenforceable (Civ. Code, §§ 1670, 1671; *Ricker* v. *Rombough,* 120 Cal.App.2d Supp. 912 [261 P.2d 328]; *Electrical Products Corp.* v. *Williams,* 117 Cal.App.2d Supp. 813 [256 P.2d 403]); respondent did not plead or prove that it would be impractical or difficult to fix actual damages. (*Rice* v. *Schmid,* 18 Cal.2d 382, 385 [115 P.2d 498, 138 A.L.R. 589].)

Respondent relies on *Associates Discount Corp.* v. *Tobb Co.,* 241 Cal. App.2d 541 [50 Cal.Rptr. 738], for the proposition that under a chattel lease with an accelerated payments provision the lessor is entitled to a

judgment against the lessee for the total unpaid balance of rent. The reasoning of this case is not persuasive in that the court relied on two *real property* lease cases to justify awarding the lessor what amounted to a decree of specific performance.[8]

Appellants were not served with process in the original action. Fundamental fairness requires that they be given an opportunity at the joint debtor proceeding to demonstrate that the default judgment, insofar as the damages awarded, was legally erroneous. This they did, and we hold that such a showing is also "cause" why the judgment should not be enforced against them.

The judgment is reversed with directions to enter judgment for appellants.

Brown (G. A.), P. J., and Gargano, J., concurred.

A petition for a rehearing was denied March 22, 1973, and respondent's petition for a hearing by the Supreme Court was denied April 25, 1973. McComb, J., Tobriner, J., and Mosk, J., were of the opinion that the petition should be granted.

---

[8]In a contract for the transfer of an interest in land, whether by sale or lease, it is presumed that damages would be an inadequate remedy as the land is deemed unique and specific performance is granted as a matter of course. (Civ. Code, § 3387; *Morrison* v. *Land,* 169 Cal. 580, 586-587 [147 P. 259]; *Remmers* v. *Ciciliot,* 59 Cal.App.2d 113, 119 [138 P.2d 306]; Rest., Contracts, § 360.) We find no justification for extending the real property rule to a contract for advertising services.