BANCO TERRITORIAL Y AGRÍCOLA DE PUERTO RICO, demandante y apelado, *v.* FRANCISCO LÓPEZ CAPÓ, ENRIQUE VIDAL y ADOLFO LÓPEZ, demandados y apelante el segundo.

No. 5225.—*Sometido:* Diciembre 10, 1930. *Resuelto:* Noviembre 20, 1931.

---

* NOTA: Véase el prefacio.

870

*Angel A. Vázquez,* abogado del apelante; *J. de Guzmán Benítez,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

El Banco Territorial y Agrícola instó pleito basado en un pagaré contra Enrique Vidal y otros como deudores solidarios. Enrique Vidal no fué emplazado al iniciarse la acción pero el Banco obtuvo sentencia contra los otros demandados. En un procedimiento autorizado por los artículos 307 *et seq.* del Código de Enjuiciamiento Civil Enrique Vidal fué entonces citado para que demostrara por qué no habría de estar obligado por la sentencia. El excepcionó la demanda original alegando que ésta no aducía hechos suficientes para constituir causa de acción en cuanto a él, y se señala como error el que se declarara sin lugar esa excepción previa.

El Banco alegó que los demandados Francisco López Capó, Adolfo López y Enrique Vidal, el último por medio de su

agente y apoderado Teodoro Vidal, solidariamente obtuvieron un préstamo del Banco por virtud del cual recibieron $1,300 y otorgaron a favor del Banco una obligación que se copia *verbatim* en la demanda y que fué suscrita como sigue: "Francisco López Capó.—Adolfo López.—Enrique Vidal, p.p. Teodoro Vidal."

La contención es que esto no equivale a una alegación de que el agente y apoderado Teodoro Vidal, estaba autorizado para tomar dinero a préstamo. El hecho de que lo estaba, sin embargo, es una inferencia lógica, por no decir necesaria, de la alegación de que el principal, por medio de su referido agente y apoderado, concertó el préstamo, recibió el dinero y otorgó el pagaré. A menos que el supuesto agente y apoderado estuviera debidamente autorizado no podría ser cierto que su principal, por medio de él, hiciese cualesquiera de estas cosas.

Otra contención es que la corte erró al apreciar la prueba, y que ésta es insuficiente para sostener la sentencia. El argumento es que con arreglo al artículo 312 del Código de Enjuiciamiento Civil el apelante sólo era responsable de la cantidad que de la sentencia original permaneciera insoluta, más sus intereses, y que no hubo prueba de la cuantía de tal saldo.

Los artículos 309 y 311 del Código de Enjuiciamiento Civil rezan así:

"Artículo 309.—La citación deberá acompañarse de una declaración escrita y jurada del demandante, su agente, representante o abogado, manifestando que la sentencia o parte de ella, permanece incumplimentada y expresando además la cantidad que a cuenta de la misma se debiere."

"Artículo 311.—Si el demandado en su contestación, negare la sentencia, o adujere en su defensa cualquiera alegación fundada en motivos posteriores a aquélla, la citación, junto con la declaración escrita y jurada y la contestación, constituirán el alegato escrito, en el asunto; si negare su responsabilidad en cuanto a la obligación

que hubiere motivado la sentencia, una copia de la demanda original y de la sentencia, la citación, la declaración escrita y jurada y la contestación, constituirán las alegaciones escritas.''

Por los términos del artículo 312, ''las cuestiones así planteadas podrán substanciarse como en los demás casos''.

El artículo 132 dispone que: ''Toda alegación esencial de la demanda no impugnada en la contestación se tendrá por cierta para los efectos de la acción.''

En el presente caso el emplazamiento iba acompañado de la declaración jurada de costumbre. El demandado admitió la autenticidad de las firmas que aparecen en el pagaré transcrito en la demanda y negó en términos generales las demás alegaciones. La contestación no menciona ni la sentencia ni la declaración jurada. Por haber dejado el demandado de negar la afirmación bajo juramento del demandante de que la sentencia no había sido satisfecha en todo o en parte, el demandante quedó relevado de la necesidad de establecer ese hecho.

En vista de la conclusión a que ya hemos llegado en cuanto a la suficiencia de la demanda, el error, si lo hubo, cometido por la corte de distrito al sostener que la omisión acusada había sido suplida por la prueba, no daría lugar a la revocación.

El argumento del apelante en apoyo de la única contención que resta (que la corte de distrito erró al sostener que la posesión del pagaré y la inexistencia de abonos al dorso del mismo, eran prueba *prima facie* de la falta de pago) no exige seria consideración.

No es necesario que resolvamos o discutamos ninguna cuestión que no haya sido específicamente planteada por señalamiento alguno de error ni abiertamente presentada por la argumentación en ninguno de los alegatos.

*La sentencia apelada debe ser confirmada.*