[Civ. No. 11346.  Second Appellate District, Division One.—November 19, 1937.]

MARY C. CARSON, Respondent, v. L. E. LAMPTON, as County Clerk, etc., Appellant.

Everett W. Mattoon, County Counsel, and Fred M. Cross, Deputy County Counsel, for Appellant.

Percy M. Bokofsky and David I. Lippert for Respondent.

DORAN, J.—An action was commenced in the Superior Court of Los Angeles County, on June 12, 1933, by one Mary C. Carson on a joint obligation of Consolidated Bldg. Corp., a corporation, P. T. Barnes and Mrs. P. T. Barnes, husband and wife. All of said parties, joint obligors, were named therein as parties defendant. Summons was issued on June 12, 1933, and service of summons and complaint was had upon all of the defendants except defendant Mrs. P. T. Barnes, who did not appear in the action at any time. On July 17, 1933, a default judgment was rendered in favor of plaintiff and against the defendants who were served in the action.

The judgment, however, was only partially satisfied. Three years, three and one-half months later, to wit, on November 2, 1936, plaintiff Mary C. Carson requested of L. E. Lampton, county clerk of said county, appellant herein, that a summons in proceedings against a joint debtor (pursuant to sections 989 et seq. of the Code of Civil Procedure), be issued against defendant Mrs. P. T. Barnes who had never been served. The county clerk refused to issue the summons, taking the position that he was without authority to do so more than three years after the issuance of the original summons, and more than three years after the rendition of the original default judgment.

A petition was filed by plaintiff in the superior court, requesting that a writ of mandate issue against said county clerk commanding him to summon Mrs. P. T. Barnes, as re-

quested. An alternative writ was thereupon issued by the court. A demurrer was filed, and the matter came on regularly for hearing. At the conclusion of the hearing the court overruled the demurrer and, respondent having declined to answer, judgment was ordered for petitioner directing that a peremptory writ of mandate issue against said clerk, as prayed. By the terms of the writ said county clerk was required to issue a summons in proceedings against a joint debtor, directing Mrs. P. T. Barnes to appear and show cause why she should not be bound by the judgment rendered July 17, 1933.

The appeal herein is from the judgment directing the issuance of the peremptory writ, and an appeal from the writ of mandate itself is also attempted.

The pertinent sections of the Code of Civil Procedure involving proceedings against joint debtors, are as follows: "Sec. 989. When a judgment is recovered against one or more of several persons, jointly indebted upon an obligation, . . . those who were not originally served with the summons, and did not appear in the action, may be summoned to appear before the court in which such judgment is entered to show cause why they should not be bound by the judgment, in the same manner as though they had been originally served with the summons." "Sec. 990. The summons specified in section 989 shall be issued by the clerk, . . . upon presentation of the affidavit specified in section 991, and must describe the judgment, and require the person summoned to show cause why he should not be bound by it, and must be served in the same manner, and returnable within the same time, as the original summons. It is not necessary to file a new complaint."

Under section 406 of the Code of Civil Procedure, a summons must be issued within one year after the complaint is filed. Section 581a of the code provides that no further proceedings shall be had and the action must be dismissed "unless summons shall have issued within one year, and all such actions must be in like manner dismissed, unless the summons shall be served and return thereon made within three years after the commencement of said action".

In the instant case, the request for issuance of the subsequent summons was not made until more than three years after the complaint was filed, more than two years after the

time within which the original summons could have been issued, and more than four months after the original summons could have been returned.

■ Appellant contends, in substance, that the provision in section 990, namely, that the summons ''shall be issued . . . and returnable within the same time, as the original summons'', should be construed as an unequivocal requirement that the summons in question must be issued and returned within the same time as the original summons might have been issued and returned, after the filing of the original complaint.

Respondent contends, however, that said section ''does not limit the time within which the summons specified in section 989 shall be issued by the clerk''; that by the use of the word ''returnable'' in section 990, it is merely ''intended that a joint debtor summons must require the defendant to appear within ten days if served within the county where the action is brought, or within thirty days if served elsewhere''.

Respondent's position is untenable. ■ As hitherto declared, ''It is the policy of the law to put an end to litigation, and to aid the vigilant and not those who sleep upon their rights.'' (*Bingham* v. *Kearney,* 136 Cal. 175, at 177 [68 Pac. 597].) Moreover, it is a well-recognized rule of construction that where a statute is susceptible of two constructions, one leading inevitably to mischief or absurdity, and the other consistent with justice, sound sense, and wise policy, the former should be rejected and the latter adopted. (*In re Mitchell,* 120 Cal. 384, 386 [52 Pac. 799]; *San Joaquin etc. Irr. Co.* v. *Stevinson,* 164 Cal. 221, 229 [128 Pac. 924]; *Robbiano* v. *Bovet,* 218 Cal. 589, 596 [24 Pac. (2d) 466].) It can scarcely be contended with reason that as to one section of the code, regarding the subject herein referred to, all limitation with respect to time is intended to be disregarded, when, with reference to all others, the element of time receives express if not emphatic consideration. Necessarily, sections 989 and 990 are to be construed with related sections and as well with the provisions of the code on limitations, and so construed, in the light of the foregoing, are not without limitation as to time, but, to the contrary, contemplate that the summons referred to must be issued and returned within the same time that the original summons might have been issued and returned after the filing of the original complaint.

For the foregoing reasons the judgment is reversed. There being no appeal authorized from a peremptory writ of mandate, the attempted appeal from such writ is dismissed.

York, P. J., concurred.