[Civ. No. 11880. Second Appellate District, Division Two.—September 15, 1938.]

N. CHRISTINA, Appellant, v. S. G. BAKER et al., Defendants; BRUCE L. MacLEAN, Respondent.

Louis Ferrari, Edmund Nelson and Howard Waterman for Appellant.

Henry N. Cowan and Shipper & Benard for Respondent.

WOOD, J.—Plaintiff commenced this action on June 17, 1935, to recover a judgment against the four defendants who were makers of a promissory note in which they jointly and severally promised to pay the sum of $2,750. A fifth defendant, Steadman G. Smith, was sued as guarantor of the note. On the same date the clerk issued a summons directed to all of the defendants. Bruce L. MacLean, respondent herein, was not served with the summons. The action went to trial on May 14, 1937, against defendants Smith and Helen L. MacLean and judgment was entered against these two in the sum of $2,288.17. Thereupon an affidavit was filed on behalf of plaintiff in accordance with the provisions of sections 989, 990 and 991 of the Code of Civil Procedure. On May 18, 1937, the clerk issued a summons directed to Bruce L. MacLean and Lela S. Baker directing them to show cause why they should not be bound by the judgment recovered by plaintiff against defendants Smith and Helen L. MacLean on May 14, 1937. This summons was served on Bruce L. MacLean on March 11, 1938, and a return was made thereon on April 14, 1938. By special appearance a motion was made on March 28, 1938, to quash the summons and the service on Bruce L. MacLean. On April 7, 1938, the court granted the motion of Bruce L. MacLean to quash the summons and service thereof and on April 13, 1938, the court denied a motion by plaintiff to set aside the order quashing the summons. Plaintiff appeals from the orders made on April 7, 1938, and April 13, 1938.

In section 406 of the Code of Civil Procedure it is provided that at any time within one year after a complaint is filed a plaintiff may have a summons issued. In section 414 of the Code of Civil Procedure it is provided that when the action is against two or more defendants jointly or severally liable on a contract, and the summons is served on one or more, but not on all of them, the plaintiff may pro-

ceed against the defendants served in the same manner as if they were the only defendants. In section 581a of the Code of Civil Procedure it is provided that the court must dismiss an action "unless summons shall have issued within one year, and all such actions must be in like manner dismissed, unless the summons shall be served and return thereon made within three years after the commencement of said action".

In title XIV, chapter 1, Code of Civil Procedure, under the heading, Proceedings Against Joint Debtors, appear several sections, 989, 990 and 991, by which provision is made for summoning joint debtors to show cause why they should not be bound by judgments theretofore entered. Section 990 is as follows: "The summons specified in section 989 shall be issued by the clerk, or by the justice if there be no clerk, upon presentation of the affidavit specified in section 991, and must describe the judgment, and require the person summoned to show cause why he should not be bound by it, and must be served in the same manner, and returnable within the same time, as the original summons. It is not necessary to file a new complaint."

 It will be noted that a summons was issued and directed to respondent within one year from the time of the commencement of the action and that after the entry of the judgment against other defendants a summons was issued in accordance with the provisions of sections 989 and 990 of the code, the last-mentioned summons having been issued and returned within three years from the time of the commencement of the action. It is the contention of respondent that the summons provided for in the sections concerning proceedings against joint debtors must be *issued* within one year from the date of the commencement of the action. In support of this contention respondent cites *Carson* v. *Lampton,* 23 Cal. App. (2d) 535 [73 Pac. (2d) 629]. The facts of that case are distinguishable from the facts of the case under consideration. In the Carson case the summons issued under section 990 was issued more than three years after the commencement of the action and the court applied the language of section 990, wherein it is provided that the summons must be "returnable" within the same time as the original summons. Manifestly, a summons issued more than three years after the commencement of the action could not be returned within the period of three years from the commencement of

the action. The court, however, included in its opinion certain language which was not necessary to the determination of the issue then under consideration, stating that sections 989 and 990 "contemplate that the summons referred to must be issued and returned within the same time that the original summons might have been issued and returned after the filing of the original complaint". We are of the opinion that the word *issued* was inadvertently and erroneously inserted in the sentence just quoted.

The code section which authorizes the issuance of the summons now under consideration contains no limitation upon the time in which it may be issued except that it may not be issued until after judgment is entered against a joint debtor. It must be served in the same manner and returned within the same time as the original summons. If the legislature had intended that a summons in joint debtor proceedings must be issued within one year from the time of the commencement of the action it doubtless would have inserted in the section appropriate language to designate such period. An examination of section 990 reveals that the legislature provided for the manner of the service and return of the summons but provided no period within which the summons might be issued. The courts may not now add to the section a provision which the legislature has omitted.

In failing to limit the time for issuance of the summons in joint debtor proceedings to one year from the time of the commencement of the action the legislature doubtless took into consideration the well-known fact that court calendars are frequently congested and that in many cases, especially in contested actions, parties are unable to secure judgments against any of the joint debtors within one year from the time of the filing of the complaint. It is apparent that if respondent's contention should be upheld litigants in many cases would be deprived of the beneficial provisions of the code sections under discussion and the purpose of the sections, to simplify and shorten the work of the courts, would in a large measure be nullified.

The reasons for requiring the original summons to be issued within one year from the time of the commencement of the action are not present in a situation in which summons is to be issued after the entry of a judgment against one or more

of several joint debtors. A delay in applying to the clerk for the issuance of an original summons indicates an intention on the part of a plaintiff to postpone taking steps to terminate the litigation or perhaps to abandon it. On the other hand a litigant may proceed with utmost diligence and yet be unable to secure a judgment against any of the defendants within the period of one year from the commencement of the action. The clerk must issue the summons upon the mere request of the plaintiff, a request that can be easily made at any time within the period of one year, but the litigant cannot be assured of being able to go through the preliminary steps and bring the action to judgment within the same period. From the nature of the proceedings to bind additional joint debtors, from the objects to be attained by the code sections in question and from the language contained in section 990, it must be concluded that the legislature did not intend to require that the summons referred to in section 990 be issued within one year from the time of the commencement of the action.

The orders are reversed.

Crail, P. J., concurred.

McCOMB, J., Dissenting.—I dissent.

Section 990 of the Code of Civil Procedure, which is here in question, provides that the summons "must be served in the same manner, and returnable within the same time, as the original summons". Section 581a of the Code of Civil Procedure provides that the court must dismiss the action "unless summons shall have issued within one year, and all such actions must be in like manner dismissed, unless the summons shall be served and return thereon made within three years after the commencement of said action".

In the instant case the action was commenced June 17, 1935, and the summons was not issued until May 18, 1937. It is therefore evident that the summons here in question was not issued until one year and eleven months had elapsed after the commencement of the action; and, thus pursuant to the mandate of section 581a of the Code of Civil Procedure the court properly granted the motions to quash service of summons and denied the subsequent motions to set aside these orders.

This court, in *Carson* v. *Lampton*, 23 Cal. App. (2d) 535 [73 Pac. (2d) 629], has previously decided the question herein involved contrary to the majority opinion in the present case, and in my view correctly. Mr. Justice Doran at page 538 there says:

"Appellant contends, in substance, that the provision in section 990, namely, that the summons 'shall be issued . . . and returnable within the same time as the original summons', should be construed as an unequivocal requirement that the summons in question must be issued and returned within the same time as the original summons might have been issued and returned, after the filing of the original complaint.

"Respondent contends, however, that said section 'does not limit the time within which the summons specified in section 989 shall be issued by the clerk'; that by the use of the word 'returnable' in section 990, it is merely 'intended that a joint debtor summons must require the defendant to appear within ten days if served within the county where the action is brought, or within thirty days if served elsewhere'.

"Respondent's position is untenable. As hitherto declared, 'It is the policy of the law to put an end to litigation, and to aid the vigilant and not those who sleep upon their rights'. [Citing cases.] Moreover, it is a well-recognized rule of construction that where a statute is susceptible of two constructions, one leading inevitably to mischief or absurdity, and the other consistent with justice, sound sense and wise policy, the former should be rejected and the latter adopted. [Citing cases.] It can scarcely be contended with reason that as to one section of the code, regarding the subject herein referred to, all limitation with respect to time is intended to be disregarded, when, with reference to all others, the element of time receives express if not emphatic consideration. Necessarily, sections 989 and 990 are to be construed with related sections and as well with the provisions of the code on limitations, and so construed, in the light of the foregoing, are not without limitation as to time, but, to the contrary, contemplate that the summons referred to must be issued and returned within the same time that the original summons might have been issued and returned after the filing of the original complaint."

For the foregoing reasons in my opinion the orders appealed from should be affirmed.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 14, 1938.