# 2006 DTA 52

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**REGIÓN JUDICIAL DE MAYAGÜEZ**

NEW HAMPSHIRE INSURANCE, CO., *ET AL*
Recurridos

v.

JOSÉ R. JUELLE, TERESA SORDO DE JUELLE Y LA SOCIEDAD LEGAL DE GANANCIALES
COMPUESTA POR AMBOS; COMPAÑÍAS A Y B; JANE DOE Y PATRICK DOE
Demandados

TERESA SORDO NADAL
Peticionaria

Núm. KLCE-05-01799

San Juan, Puerto Rico, a 27 de febrero de 2006

Panel integrado por su Presidenta, la Juez López Vilanova,
y los Jueces Córdova Arone y Soler Aquino

López Vilanova, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Una vez más intervenimos en el caso de epígrafe el cual se presentó ante el foro recurrido en el año 2002. En enero de 2005 este Tribunal entendió en una controversia relativa a la comparecencia de la señora Teresa Sordo ante dicho foro y ordenamos al mismo la celebración de una vista. (KLCE-04-01478)

En esta ocasión, la señora Sordo cuestiona la constitucionalidad de la Regla 51.7 de las Reglas de Procedimiento Civil en su recurso presentado ante este Tribunal el 28 de diciembre de 2005 y referido a este panel el 18 de enero de 2006. El 23 de enero de 2006, New Hampshire Insurance Company, American Internacional Insurance presentaron escrito en oposición. En esa misma fecha, el Estado Libre Asociado (E.L.A.) solicitó término para presentar comparecencia especial al tenor de la Regla 21.3 de las de Procedimiento Civil. [1] Concedido el mismo, el E.L.A. presentó su escrito el 13 de febrero de 2006. Procedemos a resolver con el

beneficio de su ilustrada comparecencia. Veamos los hechos y el trasfondo procesal que origina la controversia que hoy nos ocupa.

## I

El 23 de mayo de 2002, New Hampshire Insurance Company y American Internacional Insurance Company of Puerto Rico, presentaron una demanda en cobro de dinero contra José R. Juelle, Teresa Sordo Nadal y la alegada sociedad legal de gananciales compuesta por ambos. En la misma, se alegó que las compañías allí demandantes tenían derecho, bajo un contrato de indemnización, a recobrar de los demandados todos los pagos realizados por motivo de la expedición de varias fianzas de pago y cumplimiento en proyectos del contratista Jusor Corporation con la Autoridad de Carreteras y Transportación de Puerto Rico. Según las demandantes, la totalidad de esos desembolsos ascendían a una suma no menor de dos millones de dólares ($2,000,000.00).

El 22 de noviembre de 2002, las referidas compañías presentaron una moción de prórroga para emplazar a la aquí peticionaria, Teresa Sordo Nadal, así como una solicitud para emplazarla por edictos. Con la misma acompañaron una declaración jurada del emplazador mediante la cual se detallaron las infructuosas gestiones realizadas por éste para emplazar a la Sra. Sordo Nadal.

El 9 de abril de 2003, sin haber emplazado aún a la Sra. Sordo Nadal, las compañías allí demandantes presentaron una moción desistiendo sin perjuicio de la reclamación contra ésta. Informaron al Tribunal de Primera Instancia que habían incoado idéntica reclamación contra Sordo Nadal ante el Tribunal Federal de Distrito por entender que ésta se había radicado en el estado de Florida, y que por tanto, dicho foro tenía jurisdicción en el caso por razón de diversidad de ciudadanía. Así las cosas, mediante sentencia parcial de 15 de mayo de 2003, el Tribunal de Primera Instancia, Sala de Mayagüez, aprobó la solicitud de desistimiento sin perjuicio en cuanto a la Sra. Sordo Nadal. No obstante, el Tribunal Federal desestimó eventualmente la demanda contra ésta, por falta de jurisdicción, luego de celebrada una vista de evidencia.

El allí co-demandado José R. Juelle nunca compareció a los procedimientos celebrados ante el Tribunal de Primera Instancia, a pesar de habérsele emplazado. En cumplimiento de una orden emitida por el foro de instancia, las compañías demandantes presentaron una copia del emplazamiento diligenciado al señor Juelle y solicitaron que se le anotara la rebeldía, la cual finalmente fue anotada el 15 de mayo de 2003.

El 31 de octubre de 2003, las compañías demandantes solicitaron al Tribunal que dictara sentencia en rebeldía. El 14 de noviembre de 2003, se declaró Ha Lugar lo solicitado y se dictó sentencia mediante la cual se condenó al señor Juelle al pago de dos millones de dólares ($2,000,000.00), costas y honorarios de abogado.

El 7 de abril de 2004, las demandantes presentaron ante el Tribunal recurrido una solicitud, al amparo de la Regla 51.7 de las de Procedimiento Civil, a los fines de que se citara a la Sra. Sordo Nidal para que mostrara causa por la cual no debía estar solidariamente obligada por la sentencia dictada en rebeldía contra el señor Juelle.

El 27 de abril de 2004, el Tribunal de Primera Instancia notificó una orden expidiendo la citación solicitada y señalando vista para el 17 de mayo de 2004, la cual fue cancelada posteriormente ante la imposibilidad de diligenciar la citación.

Luego de varios incidentes procesales, las allí demandantes solicitaron al Tribunal les permitiera citar a la Sra. Sordo Nadal mediante la publicación de edicto. Basaron su solicitud en el hecho de que no había podido diligenciar la citación y presentaron sendas declaraciones juradas de dos (2) emplazadores explicando las infructuosas gestiones realizadas. Así las cosas, a través de un edicto publicado el 22 de agosto de 2004 y notificación por correo certificado con acuse de recibo, el Tribunal requirió a Sordo Nadal que compareciera ante dicho foro el 22 de octubre de 2004, con el fin de celebrar una vista al amparo de la Regla 51.7.

El 4 de octubre de 2004, Sordo Nadal presentó una moción urgente de nulidad de citación bajo la Regla 51.7 y solicitó convertir la vista de mostrar causa en una vista argumentativa. Celebrada la vista el 22 de octubre de 2004, luego de escuchar los argumentos de las demandantes y de la citada, el foro de instancia declaró No Ha Lugar la moción de nulidad de citación y señaló vista para mostrar causa, a tenor con la Regla 51.7, para el 18 de marzo de 2005. Inconforme, la Sra. Sordo Nadal recurrió ante este Tribunal (recurso de *certiorari* KLCE-2004-01478). Planteó, *inter alia*, que la Regla 51.7 de las de Procedimiento Civil es inconstitucional argumentando que ésta alegadamente violenta el debido proceso de ley.

El 31 de enero de 2005 expedimos el auto. Ordenamos al foro de instancia celebrar una vista en rebeldía a través de la cual las allí demandantes evidenciaran la cuantía específica adeudada, ya que la misma no fue incluida en la alegaciones de la demanda. No nos pronunciamos sobre la alegada inconstitucionalidad de la Regla 51.7, por ser ello innecesario para disponer del recurso. **Resolvimos, sin embargo, que la Regla 51.7 era aplicable al caso debido a que el contrato, del cual dimana la obligación que pretenden satisfacer las compañías demandantes y el cual se hizo formar parte de la demanda, establece la responsabilidad solidaria de una de sus firmantes, la Sra. Sordo Nadal.**

Inconforme con nuestro dictamen, la Sra. Sordo Nadal recurrió ante el Tribunal Supremo mediante petición de *certiorari* presentada el 10 de marzo de 2005. Ese mismo día instó ante el referido foro una moción en auxilio de jurisdicción con el propósito de paralizar los procedimientos del caso ante el Tribunal de Primera Instancia. Al día siguiente, nuestro Más Alto Foro denegó ambas solicitudes.

Así las cosas, el 18 de marzo de 2005, la Sra. Sordo Nadal presentó ante el Tribunal Supremo una "*Moción Urgente de Reconsideración y Auxilio de Jurisdicción*", a la cual se opuso la parte allí demandante. Dicha solicitud también fue declarada No Ha Lugar.

En vista de lo anterior, el Tribunal de Primera Instancia continuó con los procedimientos del caso y en fecha 10 de junio de 2005 dictó orden a los efectos de requerir al Estado que compareciera presentando su posición en torno a la constitucionalidad de la Regla 51.7 de las de Procedimiento Civil. Finalmente, el 1 de noviembre de 2005, el foro de instancia dictó resolución sosteniendo la constitucionalidad de la referida regla procesal, adoptando a esos efectos la posición del Estado.

Inconforme una vez más, recurre ante nosotros la señora Sordo, solicitando nuevamente que decretemos la inconstitucionalidad de la Regla 51.7 de las de Procedimiento Civil. En la alternativa solicita que resolvamos que la misma resulta inaplicable a este caso. Ello a pesar que sobre este último extremo ya nos pronunciamos lo que convierte su reclamo uno ya adjudicado en forma final y firme. [2] Examinemos la regla en controversia.

## II

La Regla 51.7 de las de Procedimiento Civil provee un mecanismo para que, con posteridad a obtener sentencia a su favor, una parte pueda traer al pleito, en la fase ejecutiva de la sentencia, a deudores solidarios que, habiendo podido ser incluidos como partes originalmente en al acción judicial, no lo fueron. **Véase** Rafael Hernández Colón, *Derecho Procesal Civil*, § 6312, Michie de Puerto Rico, 1997, a la pág. 466.

Dicha Regla dispone lo siguiente:

"*Cuando se obtiene una sentencia contra uno o más entre varios deudores solidariamente responsables de una obligación, aquellos deudores que no fueren partes en la acción, podrán ser citados para que* **comparezcan a mostrar por qué causa no han de estar obligados por la sentencia de igual modo que si** **hubieren sido demandados desde un principio.** *La citación, conforme lo dispuesto en esta Regla, deberá relacionar la sentencia, y requerir a la persona citada para que comparezca determinado día y hora a mostrar causa de porqué no ha de estar obligada por dicha sentencia. La citación deberá acompañarse de una*

*declaración escrita y jurada del demandante, su agente, representante o abogado, manifestando que la sentencia o parte de ella, permanece incumplimentada y expresando además, la cantidad que a cuenta de la misma se debiere. Hecha la citación, **el deudor citado deberá comparecer en la fecha que se indicara en la citación, y en dicha vista podrá aducir cualquier defensa de hecho y de derecho para eximirle su responsabilidad. Las cuestiones así planteadas podrán substanciarse como en los demás casos.***"

32 L.P.R.A. Ap. III, R. 51.7 (énfasis nuestro).

Esta regla recopila, en síntesis, las antiguas disposiciones de los Arts. 307-312 del derogado Código de Enjuiciamiento Civil. La misma no tiene equivalencia federal. **Véase** Cuevas Segarra, *Tratado de Derecho Procesal Civil*, Tomo II, **Publicaciones JTS**, 2000, a la pág. 824. Los artículos que recoge la referida regla del Código de Enjuiciamiento Civil, a su vez provienen de los Arts. 989 al 994 y los Arts. 2698 al 3703 de los Códigos de Enjuiciamiento Civil de California y Idaho, respectivamente, según ambos prevalecían en dichos estados a principios del siglo pasado. *Id.* Esto, debido a que el viejo Código de Enjuiciamiento Civil de Puerto Rico se adoptó casi exactamente del Código de California. Cuevas Segarra, *op. cit.*, a la pág. 4.

El historial y comentarios de esta regla son escasos. *Pauneto v. Núñez,* 115 D.P.R. 591, 595 (1984). Por ello, y a los fines de conocer la intención legislativa tras la incorporación de la Regla 51.7 a nuestro ordenamiento procesal civil, es preciso referirnos a los motivos del legislador californiano tras la aprobación de los articulados correspondientes en el Código de Procedimiento Civil de ese estado, en específico el Art. 989. Dicho artículo fue promulgado en 1872 y enmendado posteriormente en 1933, 1965 y 1969, siendo su texto actual el que citamos a continuación:

*" § 989. Unserved joint debtors; summons to show cause why they should not be bound by judgment*

*When a judgment is recovered against one or more of several persons, jointly indebted upon an obligation, by proceeding as provided in Section 410.70, those who were not originally served with the summons, and did not appear in the action, may be summoned to appear before the court in which such judgment is entered to show cause why they should not be bound by the judgment, in the same manner as though they had been originally served with the summons."*

West´s Ann. Cal. C.C.P. § 989.

Como regla general, en la jurisdicción estadounidense, al igual que en Puerto Rico, una sentencia dictada contra una persona o entidad no puede ser ejecutada contra otra que no haya sido parte en el pleito. No obstante, existen excepciones a dicha regla. Por ejemplo, los tribunales estadounidenses tienen la facultad de emitir órdenes válidas a los efectos señalados con el objeto de hacer cumplir efectivamente las sentencias y otras órdenes dictadas por los mismos conforme a derecho, y de prevenir que éstas sean incumplidas una parte en el litigio. **Véase al respecto** *Mississippi Val. Barge Line Co. v. U.S.,* 273 F. Supp. 1 (E.D. Mo. 1967), confirmado en *Osbourne v. Mississippi Val Barge Line Co.,* 389 U.S. 579 (1968).

Una de estas excepciones es el mecanismo establecido en las Seccs. 989-993 del Código de Procedimiento Civil de California. Estos estatutos, que autorizan la ejecución de una sentencia contra deudores solidarios que no fueron emplazados originalmente en un pleito, fueron aprobados a los efectos de prevenir la situación del *"common law"* que permite el *"merger"* o fusión como deudor solidariamente responsable, la cual obliga a un demandado a cumplir con una sentencia y que a la vez opera como un relevo para cualquier demandado incluido como parte en un pleito pero que no haya sido personalmente emplazado. *Meller & Zinder v. R & T Properties, Inc.,* 62 Cal. App. 4th 1303 (App. 2 Dist. 1998).

No obstante, más allá de evitar las consecuencias de la figura del *"merger"*, el fin último del legislador fue

permitir que la parte favorecida en el litigio pueda satisfacer efectivamente la sentencia dictada por el tribunal contra un deudor solidario no emplazado, impidiendo así que se burle o frustre el mandato judicial emitido.

A la luz de lo anterior y ante la ausencia de suficiente historial legislativo en torno a la Regla 51.7, podemos colegir que dicho propósito fue el que guió a nuestra Asamblea Legislativa y al Tribunal Supremo al reproducir en las Reglas de Procedimiento Civil vigentes los procedimientos que en la jurisdicción californiana permiten ejecutar una sentencia contra deudores solidarios que no fueron originalmente emplazados en un pleito.

La Regla 51.7 no ha sufrido enmiendas con posteridad a su promulgación. ■ No obstante, tanto la misma como su antecedente en el derogado Código de Enjuiciamiento Civil, han sido objeto de interpretación en varias ocasiones por el Tribunal Supremo de Puerto Rico. **Véase** *Soc. Gananciales v. Pauneto,* 130 D.P.R. 749 (1992); *Pauneto v. Núñez*, 115 D.P.R. 591 (1984); *Soc. Gananciales v. Soc. Gananciales*, 109 D.P.R. 279 (1979); *Caribbean Ins. Co. v. Tribunal de Distrito*, 99 D.P.R. 91 (1970); *Durán v. Sucn. Durán*, 58 D.P.R. 59 (1941); *Balbaño v. Cintrón*, 53 D.P.R. 844 (1938); *Benabe v. Corte*, 42 D.P.R. 896 (1931); *Banco Territorial y Agrícola v. Vidal,* 42 D.P.R. 869 (1931); *Portela v. Saldaña*, 39 D.P.R. 542 81929).

Sin embargo, al presente no se ha cuestionado con éxito ante nuestra más Alta Curia la constitucionalidad de la referida regla procesal.

De igual modo debe señalarse el hecho que los articulados de los códigos de procedimiento civil de California y Washington que establecen procedimientos análogos al establecido en nuestra Regla 51.7 para la ejecución de sentencias contra deudores solidarios, también han prevalecido sin que se haya logrado controvertir exitosamente su cumplimiento con los preceptos constitucionales del debido proceso de ley. **Véase** *Meller & Zinder v. R & T Properties, Inc., supra; Hillco, Inc. v. Stein,* 147 Cal. Rptr. 108 (App. 2 Dist. 1978); *Vincent v. Grayson*, 106 Cal. Rptr. 733(App. 5 Dist. 1973); *Hobgood v. Glass* 326 P.2d 546 (App. 1958); *Fried v. Municipal Court of City of Los Angeles* 210 P.2d 883 (App. 1 Dist. 1949); *Cotten v. Perishable Air Conditioners*, 116 P.2d 603 (1941); *Carson v. Lampton* 73 P.2d 629 (App. 2 Dist. 1937); *Iwanaga v. Hagopian* 179 P. 523 (App. 1919); *Melander v. Western Nat. Bank* 132 P. 265 (App. 1913); *Cooper v. Burch*, 140 Cal. 548 (1903); *Waterman v. Lipman*, 67 Cal. 26 (1885); *Hinds v. Gage,* 6 P.C.L.J. 234 (1880); *Tay v. Hawley*, 39 Cal. 93 (1870).

En nuestra jurisdicción, el caso de *Pauneto, supra*, define el alcance de la Regla 51.7. En su opinión para el mismo, el Tribunal Supremo resolvió que deben concurrir los siguientes requisitos o condiciones para la aplicabilidad del mecanismo que dicha regla procesal provee: (1) responsabilidad solidaria dimanante de una obligación contractual; y (2) que contra quienes se invoca, pudieron haber sido demandados y emplazados al iniciarse al acción y no lo fueron. En ausencia de cualquiera de estos requisitos, la regla resulta inaplicable. Cuevas Segarra, *op.cit.,* págs. 824-825. Tampoco procede la utilización del procedimiento establecido en la Regla 51.7 en casos de responsabilidad solidaria extracontractual ni de fiadores judiciales. *Id.*, a la pág. 825.

En su obra, el Lcdo. Hernández Colón ha esbozado, en síntesis, cuál es el procedimiento a seguir bajo la Regla 51.7 de las de Procedimiento Civil cuando un litigante a favor del cual se haya dictado sentencia quiera hacer efectiva la misma por parte de algún deudor solidario. **Véase** Hernández Colón, *op. cit.,* págs. 466-467. El procedimiento es el siguiente:

El acreedor por sentencia solicitará al Tribunal la expedición de una citación, la cual relacionará la sentencia dictada y requerirá a la persona o personas citadas para que comparezcan en la fecha y hora dispuestas en la citación **a mostrar causa por la cual no han de estar obligados por dicho dictamen**. La citación deberá acompañarse de una declaración escrita y jurada emitida por el demandante en el pleito o por su abogado, manifestando que la sentencia o parte de ella no ha sido satisfecha y expresando la cantidad debida. Hecha la referida citación, el deudor deberá comparecer a una vista en la fecha indicada y alegar en dicha audiencia

**cualesquiera defensas de hechos y de derecho que tuviese para ser eximido de responsabilidad**. Cabe destacar que dicha vista debe celebrarse **como si fuera un juicio**.

## III
**El debido proceso de ley garantizado por la Constitución**

Como es sabido, el Artículo II, Sección 7 de la Constitución del Estado Libre Asociado, prohíbe que cualquier persona sea privada de su libertad o propiedad sin un debido proceso de ley. L.P.R.A. Documentos Históricos, Art. II, Secc. 7. Esta garantía está consagrada también en las Enmiendas V y XIV de la Constitución Federal. U.S.C.A. Const. Amend. V and XIV. El lenguaje de ambas disposiciones es idéntico, excepto que en nuestra Constitución se eliminó la palabra *"vida"*, como consecuencia de haberse proscrito la pena de muerte. Véase *Fuentes González v. Badillo*, **2003 J.T.S. 148** (Sent. de 30 de septiembre de 2003); *Álvarez Elvira v. Arias Ferrer*, **2002 J.T.S. 37** (Op. de 13 de mayo de 2002); *Zapata Saavedra v. Zapata Martínez,* **2002 JT.S. 30** (Op. de 1 de marzo de 2002); *Rivera Rodríguez & Co. v. Lee Stowell*, 133 D.P.R. 881 (1993).

En *Rivera Rodríguez v. Lee Stowell, supra*, nuestro Tribunal Supremo expresó que la garantía constitucional del debido proceso de ley se manifiesta en dos (2) viertientes distintas: la sustantiva y la procesal. El debido proceso de ley **sustantivo** está encaminado a la protección de los derechos fundamentales de las personas a través del análisis de la validez de las leyes que realizan los foros judiciales. Bajo dicho escrutinio, el Estado no puede aprobar leyes o realizar alguna actuación de tal manera que afecte irrazonable, arbitraria o caprichosamente los intereses de propiedad o libertad del individuo.

De otra parte, el debido proceso de ley en su dimensión **procesal** le impone al Estado el deber de garantizar que la interferencia con los intereses de libertad y propiedad del individuo se realice mediante un procedimiento justo y equitativo. A los fines de activar la protección que extiende este derecho, tiene que existir un interés individual de libertad o propiedad. *Rivera Santiago v. Srio. de Hacienda*, 119 D.P.R. 265 (1987); *Board of Regents v. Roth*, 408 U.S. 564 (1072). Cumplida tal exigencia, hay que determiner cuál es el procedimiento exigido (*"what process is due"*). *Fuentes González v. Badillo, supra; Unión Independiente Empleados A.E.P. v. A.E.P.,* 146 D.P.R. 611 (1998); *Rodríguez Rodríguez v. E.L.A.,* 130 D.P.R. 562 (1992); *Rivera Santiago v. Srio. de Hacienda, supra.*

A los efectos de determinar cuál será el debido proceso para privar a un individuo de algún derecho protegido, nuestro más Alto Foro adoptó los criterios establecidos a esos fines por el Tribunal Supremo de los Estados Unidos en el caso *Mathews v. Eldrige*, 424 U.S. 319 (1976). Por ende, se resolvió que en dicho análisis deberá ponderarse lo siguiente: (1) cuáles son los intereses afectados por la acción oficial; (2) el riesgo de una determinación errónea que prive a la persona del interés protegido mediante el proceso utilizado y el valor probable de garantías adicionales o distintas; y (3) el interés gubernamental protegido con la acción sumaria y la posibilidad de usar métodos alternos. Véase *Rivera Rodríguez*, 133 D.P.R. a la pág. 888.

Conforme los pronunciamientos en *Mathews v. Eldridge, supra*, la jurisprudencia ha establecido diversos requisitos que debe cumplir todo procedimiento adversativo para satisfacer las exigencias del debido proceso de ley, las cuales son: (1) notificación adecuada del proceso; (2) proceso ante un juez imparcial; (3) oportunidad de ser oído; (4) derecho a contrainterrogar a los testigos y examinar la evidencia presentada en su contra; (5) tener asistencia de un abogado; y (6) que la decisión se base en el récord. *Rivera Rodríguez*, 133 D.P.R. a la pág. 889. *"Esta oportunidad de ser oído debe ser en "a meaningful time and a meaningful manner". Fuentes González v. Badillo, supra*, a la pág. 4.

El principio cardinal del debido proceso de ley es otorgar al individuo la oportunidad **de ser oído** antes de ser despojado de algún interés protegido, cuya violación podría conllevar responsabilidad civil. *Rivera Rodríguez*, 133 D.P.R. a la pág. 889. Por ende, una ley sólo puede prevalecer si contiene suficientes garantías

procesales que permitan que la parte afectada pueda ser oída antes de que se adjudique **definitivamente** el derecho involucrado, con excepción de aquellas situaciones en que existan circunstancias extraordinarias que justifiquen lo contrario. *Id.*, págs. 889-90.

No obstante, el Tribunal Supremo ha manifestado en forma contundente que *"[e]l debido proceso no es abstracción apocalíptica que de sólo invocarla infunda temor a Dios al tribunal y paralice al adversario. Como toda regla habrá de aplicarse con rigurosa respeto a los derechos sustanciales de todas las partes afectadas. Su naturaleza, ha dicho el Tribunal Supremo de Estados Unidos, es circunstancial y pragmática."* *Domínguez Talavera v. Tribunal Superior*, 102 D.P.R. 423, 428 (1974). En esa misma línea de pensamiento, nuestra más Alta Curia ha señalado que aunque la característica medular es que el proceso debe ser justo, éste no es rígido e inflexible y se ajusta a las exigencias constitucionales de cada contexto. *Fuentes González v. Badillo, supra; Partido Acción Civil v. E.L.A.*, 150 D.P.R. 359 (2000).

## IV
## Aplicación de las garantías del debido proceso de ley en su vertiente procesal a la Regla 51.7

Como se sabe, el debido proceso de ley no puede existir en un vacío sustantivo. Al iniciar cualquier análisis jurídico a los efectos de examinar si una actuación del Estado resulta o no en cumplimiento con las garantías del debido proceso de ley en su vertiente procesal, es necesario determinar en primera instancia si la parte que levanta la defensa posee o no un interés libertario o propietario constitucionalmente protegido que resulta afectado a través de la acción gubernamental. Así pues, procede examinar qué interés o derecho sustantivo constitucionalmente protegido puede verse afectado por operación del mecanismo provisto por la Regla 51.7 de Procedimiento Civil.

Como antes señalamos, dicha regla procesal permite que se ejecute una sentencia dictada contra uno o más entre varios deudores solidariamente responsables de una obligación aunque alguno(s) no haya(n) sido parte(s) en la acción, siempre y cuando se le(s) cite a mostrar causa por la cual no debe obligarle(s) la sentencia, **de igual modo** que si hubieran sido demandados desde el inicio del pleito. Así las cosas, es algún interés propietario del citado el que podría verse afectado de resultar desfavorable la determinación **definitiva** del foro judicial luego de llevarse a cabo el procedimiento reglamentario antes expuesto. Esto, debido a que la sentencia a satisfacer tendría el efecto de reducir o menoscabar los bienes patrimoniales, muebles o inmuebles, del deudor solidario citado a comparecer ante el Tribunal.

De este modo, se entiende que es el derecho a la propiedad del individuo el que se vería afectado por el mecanismo provisto por la Regla 51.7, al permitir al litigante favorecido ejecutar una sentencia contra aquél que no fue parte en el pleito. Sin embargo, como veremos más adelante, dicha ejecución de sentencia no se lleva a cabo sino hasta después de que el deudor solidario no emplazado exponga ante el Tribunal sus razones para alegar que no tiene responsabilidad por la obligación subyacente en el dictamen judicial y que el foro judicial pase juicio sobre sus contenciones y evidencia, decretando si en efecto el citado es o no responsable.

A la luz de lo anterior, procede entonces evaluar si la Regla 51.7 satisface los requisitos constitucionales del debido proceso de ley en su dimensión procesal, conforme a los criterios que la jurisprudencia ha establecido a esos fines. Así las cosas, en primer lugar, resulta imprescindible establecer si existe algún fin gubernamental legítimo que sea adelantado a través de dicha regla procesal.

A primera vista podría considerarse que no existe un fin público tras la aprobación de la Regla 51.7 de las de Procedimiento Civil, dado el hecho que entre los propósitos que persiguen los procedimientos establecidos a través de la misma se encuentra el de beneficiar a la parte privada que resulta favorecida con un dictamen judicial, a la cual se le permite ejecutar la sentencia contra deudores solidarios que inicialmente no fueron emplazados en el pleito judicial. Sin embargo, el objetivo perseguido por el Legislador y por el Tribunal

Supremo mediante la adopción y aprobación de la Regla 51.7 de las de Procedimiento Civil ciertamente trasciende el ámbito privado. Como antes expresamos, el fin último del Legislador fue evitar que sean burlados los dictámenes emitidos por los tribunales de justicia y asegurar que los mismos sean efectivamente cumplidos. Es menester recordar que la Regla 1 de las de Procedimiento Civil exige que interpretemos dicho cuerpo de las reglas, de modo que éstas garanticen una solución justa, rápida y económica de toda reclamación judicial. 32 L. P.R.A. Ap. III, R. 1. Dentro de ese contexto es que surge el mecanismo procesal que establece la antes citada regla.

Por ende, concluimos que el objetivo perseguido tras la aprobación de la Regla 51.7, a los efectos de hacer respetar y valer las decisiones judiciales, constituye un legítimo fin gubernamental.

¿Cuál sería el riesgo de una determinación errónea que prive al individuo del interés protegido mediante el proceso utilizado al amparo de esta regla procesal y el valor probable de garantías adicionales o distintas?

Al tenor de la Regla 51.7, el acreedor por sentencia ha de solicitar al Tribunal la expedición de una citación dirigida al deudor solidario que no fue parte en la acción, la cual **relacionará** la sentencia dictada y requerirá al citado para que comparezca en la fecha y hora dispuestas en la citación **a mostrar causa por la cual no debe estar obligado por dicho dictamen**. La citación deberá acompañarse de una declaración escrita y jurada emitida por el demandante en el pleito o por su abogado, manifestando que la sentencia o parte de ella no ha sido satisfecha y expresando la cantidad debida. Hecha la referida citación, el deudor deberá comparecer a una <u>vista</u> en la fecha indicada y **alegar en dicha audiencia cualesquiera defensas de hechos y de derecho que tuviese para ser eximido de responsabilidad**. Cabe destacar que dicha vista debe celebrarse **como si fuera un juicio**.

Es decir, que el procedimiento que establece la Regla 51.7 permite a la parte afectada comparecer al Tribunal, *previo conocimiento del contenido de la sentencia*, con el fin de presentar cualquier defensa que le asista, como si se tratara del juicio original, contando para ello con la misma oportunidad de objetar y controvertir la alegada responsabilidad que tiene en relación con la obligación acreditada mediante la sentencia emitida por el Tribunal. El citado no sólo tendrá la oportunidad de ser escuchado, sino que también le asistirá el derecho a dilucidar en una vista **comparable a un juicio en su fondo todos y cada uno de los argumentos y planteamientos de hechos y de derecho**, al igual que **la evidencia que tuviere** para demostrar efectivamente y en sus méritos si tiene o no responsabilidad por la deuda en cuestión.

Por otro lado, es importante advertir que antes de que se lleve a cabo el procedimiento dispuesto en la Regla 51.7, la sentencia dictada y no satisfecha realmente no obliga al citado, dado que el mismo no es parte en el pleito. Sólo después que éste sea citado y comparezca al Tribunal a exponer **su** versión sobre los hechos, a esgrimir sus defensas y argumentos y luego que dicho foro judicial pase juicio sobre los mismos, es que podría ejecutarse el referido dictamen, **si y sólo si** el juzgador concluye que efectivamente el citado tiene responsabilidad por la obligación. Ello, **tras escuchar** los planteamientos del alegado deudor solidario. Así las cosas, queda perfectamente satisfecho, a través del mecanismo procesal establecido por la antes citada regla, el principio cardinal de la jurisprudencia en cuanto a que una sentencia no puede obligar a un individuo, respecto a su persona o propiedad, sin que éste haya tenido la oportunidad de ser oído.

A la luz de lo anterior, concluimos que el esquema establecido por la Regla 51.7 de las de Procedimiento Civil provee para una notificación adecuada y una oportunidad razonable de ser oído dentro de un proceso llevado a cabo ante un juez imparcial; lo que comprende el derecho de presentar cualquier defensa y evidencia para apoyarla, a contrainterrogar testigos; a contar con representación legal; y a que la decisión se base en el récord. Así las cosas, surge como forzosa conclusión que dicho mecanismo cumple con los requerimientos de debido proceso de ley en su vertiente procesal establecidos en *Mathews v. Eldridge, supra.*

En definitiva, el lenguaje libre de ambigüedad de esta Regla, al igual que el de su antecedente en el Código de Procedimiento Civil de California, resulta consistente con el mandato del debido proceso de ley en lo relativo a que un alegado deudor solidario debe tener su día en corte como en cualquier otro caso. Véase *Meller & Zinder v. R&T Properties, Inc.*, 62 Cal. App. 4th, a las págs. 1316-17.

Entendemos que la Regla 51.7 de las de Procedimiento Civil promueve un razonable y adecuado equilibrio entre el interés del Estado en que se cumplan efectivamente las órdenes judiciales; el interés del litigante favorecido por una sentencia en que no sea burlada la responsabilidad solidaria dimanante de la obligación debida; y a la vez confiere merecida protección al derecho que tiene un deudor solidario de ser oído antes de que se ejecute una sentencia contra el mismo.

Esta regla de nuestro ordenamiento procesal civil garantiza una solución justa, debido a que, mediante el mecanismo de orden de mostrar causa, se ofrece una oportunidad razonable y significativa para que el alegado deudor solidario esboce las mismas defensas que podría plantear en una acción civil ordinaria post-sentencia firme, conforme a las exigencias del debido proceso de ley.

De igual modo, consideramos que en caso de que la sentencia que se desea ejecutar contra un alegado deudor solidario haya sido dictada en rebeldía contra el deudor que sí fue emplazado y no compareció ante el Tribunal, nada obsta en la Regla 51.7 para que se cumpla con las exigencias del debido proceso de ley, aun cuando la responsabilidad solidaria verse sobre cuantías monetarias que hayan tenido que ser probadas en una vista en rebeldía. Ello, debido a que luego de celebrada dicha vista en rebeldía y ser determinados finalmente dicha cuantías, es que el citado tendrá la oportunidad de comparecer a la vista señalada al amparo de la Regla 51.7, para defenderse individual y personalmente de las contenciones del demandante; negar las mismas así como negar la responsabilidad subyacente en la sentencia; presentar evidencia a su favor; contra interrogar testigos; y dilucidar la controversia **como en cualquier otro procedimiento ordinario.** [4]

A la luz de lo previamente expuesto, entendemos que la Regla 51.7 de las de Procedimiento Civil satisface plenamente las exigencias constitucionales del debido proceso de ley en su dimensión procesal, por lo que resulta improcedente la solicitud de la peticionaria a los efectos de que declaremos la misma inconstitucional. Por el contrario, como hemos señalado, la referida regla procesal no infringe la aludida protección constitucional ni de su faz, ni en su aplicación a los hechos particulares del caso de epígrafe. Siendo ello así, resulta innecesario dilucidar la posibilidad de utilizar otras alternativas en sustitución de dicha regla procesal, como lo sería incluir como demandado a un deudor solidario y emplazado bajo la Regla 4 de las de Procedimiento Civil.

En consideración a lo expuesto, se confirma el dictamen recurrido.

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal.

Laura M. Vélez Vélez
Secretaria del Tribunal de Apelaciones